CASE 13—ACTION BY C. B. LOWERY AGAINST THE CITY OF LEXINGTON TO TEST THE VALIDITY OF AN ORDINANCE OF SAID CITY.—JUNE 18.

# Lowery v. City of Lexington.

APPEAL FROM FAYETTE CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. AFFIRMED.

MUNICIPAL CORPORATIONS—DELEGATED POWERS—AGENTS—OFFICES CREATED BY ORDINANCE.

Held: 1. Under the Constitution and its charter, the city of Lexington has no power to create any office or officers other than those provided for therein.

2. An ordinance of a city providing for the construction of a sewer system, and appointing certain persons to superintend its construction, employ a sanitary engineer, advertise for and receive bids, fixing such restrictions and limitations as they might determine, not being required to report to the council any bids which, in their judgment, the city should not accept, was an invalid delegation of powers delegated to the council by Kentucky Statutes, 1899, section 3058, giving to the city council of that city the power and authority, by ordinance, to establish, erect, and maintain sewers.

BRECKINRIDGE & SHELBY, ATTORNEYS FOR APPELLANT.

In the charter of cities of the second class is the following section, to-wit, section 3105:

"The general council shall have power to construct sewers along or under any of the streets, alleys or highways of the city, and may assess the entire cost, including intersections, of constructing the same to an amount not exceeding one dollar per front foot of the abutting property upon the lots and lands bounding or abutting upon said streets, alleys or highways in, under or along which the sewers shall have been constructed; the cost of the construction of sewers, not exceeding said sum of one dollar per front foot of the abutting property, shall be apportioned equally on the said abutting lot owners according to the front feet. When the amount of the quotient, after dividing the entire cost of the construction of the sewer, as estimated and computed to the general council by the engineer by number of front or abutting feet, exceeds the sum of one dollar per front or abutting foot, then, and in that event, the entire cost of construction of said sewer shall be assessed upon the lots and lands in the neighborhood of said sewer which may be benefited thereby according to the benefits received; and in every such case the council shall, by ordinance, fix and determine the amount of tax to be levied upon the several lots or lands so benefited. The general council may, however, out of the general fund, contribute and pay towards the construction of such sewer such part thereof as may to the council seem proper. The tax provided for in this section shall be a lien upon such abutting or benefited property, as the case may be, and may be collected and enforced as street improvement liens are collected and enforced; but the amount of sewer tax assessed against any lot or land shall in no event exceed one dollar per front or abutting foot."

The general council of the city of Lexington adopted ordinance No. 1372, which is copied in the record, "to provide for the construction of a system of sewers in the city of Lexington, and to order an election to determine the question of issuing $150,000 of bonds of the city of Lexington.

As we understand there were two questions upon which the circuit court doubted, and upon consideration decided them against the validity of the ordinance.

1. That the ordinance creates in section 7 an office or offices, and that the persons therein named are in law officers. This we respectfully deny. That section is as follows, to-wit:

"George S. Shanklin, L. G. Cox, R. P. Stoll, J. R. Barr, Judge Mat Walton and Gus Straus are hereby employed by the city of Lexington to superintend and supervise the construction of

Lowery v. City of Lexington.

the sanitary sewer system of said city, as provided for in this ordinance. And the general council is hereby authorized to pay to said named persons a sum not to exceed $300 each."

We respectfully contend (1) that no office is created by this ordinance; that the persons named in section 7 are merely employes and servants, who at any time, may be discharged by the city, or who may at any time decline further employment. (2) that under the powers granted to the city council it has the power to adopt and construct a system of sewers, and to contribute and pay towards the construction thereof such sum as may be necessary, or as the council may determine is necessary, out of a fund to be raised by the issuance and sale of bonds.

(3) But before it can issue or sell these bonds it must obtain authority by an election duly held, at which election such authority is legally granted.

This is a matter of immeasurable importance to the city of Lexington. A system of sewers is an absolute necessity to the health and growth of the city. For years the council has been unable to agree upon what action it would take. Finally, it has agreed upon this ordinance. The vast majority of the people of Lexington in our judgment desired its passage. It is of the utmost importance that if it has the power this court will say so that it may exercise it. If it has not the power to do this that the court say so, indicating what is the defect, what is the omission in the powers granted, so that the Legislature may be appealed to to remedy the defect and supply that omission.

W. S. BRONSTON, CITY SOLICITOR, FOR CITY OF LEXINGTON.

We contend that ordinance No. 1372 is illegal and void:

First, Because it seeks to establish new offices, and we might lengthen this argument indefinitely were we not unwilling to impose upon the patience of this honorable court by showing not only does it seek to create new offices, but attempts to have officers appointed with an indefinite term, which is directly contrary to the Constitution.

Second, It seeks to delegate legislative power belonging exclusively to the general council, which can be exercised by no other body or agent.

Third, It seeks to impose a general taxation for the construction of sewers, when the law clearly provides that such a public work shall be paid for by the abutting property owners.

For these various reasons, we ask that the judgment of the lower court be affirmed.

AUTHORITIES CITED.

Lowery v. City cf Lexington, 24 R., 516; Ky. Stats., secs. 3094, 3105, 3118, 3144; Cooley on Con. Lim., 6th ed., p. 248; Dillon on Mun. Corp., vol. 1 (3d ed.), sec. 96, vol. 2, sec. 779; Murray, &c., v. Tucker, &c., 10 Bush, 240; Byrne v. City of Covington, 15 R., 33.

OPINION OF THE COURT BY JUDGE NUNN—AFFIRMING.

This action was instituted by C. B. Lowery, appellant, to test the validity of Ordinance No. 1372, passed by the city council of Lexington, Ky. The ordinance was to authorize and provide for the construction of a system of sewers in the city of Lexington, and to order an election to determine the question of issuing $150,000 of bonds of the city for that purpose. The city demurred to the petition of appellant, the court sustained the demurrer, and adjudged that the ordinance was invalid and void. To test that question is the object of this appeal.

The first section of the ordinance authorizes sewers to be constructed in accordance with plans drawn by Col. George E. Waring, with such changes, alterations, extensions, and additions as might be determined upon in the mode and manner hereinafter set out and provided. The second section provided the manner of issuing the bonds, and the terms thereof. The other sections, down to the seventh, provided the manner of holding the election and determining the result thereof. The seventh section is as follows: "George S. Shanklin, L. G. Cox, R. P. Stoll, J. R. Barr, Judge Matt Walton and Gus Straus are hereby employed by the city of Lexington to superintend and supervise the construction of the sanitary sewer system of said city as provided for in this ordinance. And the general council is hereby authorized to pay to said named persons as wages a sum not to exceed $300.00 each." Section 8 authorizes the employment of a capable, competent sani-

tary engineer, who was authorized, under the superintendence of the persons named in section 7, to superintend all work, examine all materials, contracts, and purchases made under this ordinance, and, under the direction of the persons named, to superintend the construction of the sewer, disposal field, tanks, buildings, machinery, or appliances to be constructed under the ordinance. Section 9 authorized the persons named in section 7 to advertise for bids for the construction of the system, and to fix such restrictions and limitations therein as they might determine, and receive the bids, and to open and compare same, and to report to the general council the names of the lowest and best bidders, and to prepare all necessary contracts, specifications, and plans. If, in the judgment of the persons named in section 7, the bids received by them were too high, or for any reason were not such bids as the city should accept, they were authorized to reject all bids and advertise for new bids, without reporting to the general council their action. Section 9 closes as follows: "It being distinctly understood and provided in this ordinance that said persons are not required to report to the general council any bids which, in the judgment of said persons, the general council ought not to accept, or any contracts which the said persons do not believe the city ought to enter into." Section 10 provided that no money should be paid to any contractor under any contract entered into by virtue of this ordinance until the work had been examined and approved by the engineer employed under this ordinance, and a certificate issued to such contractor by the engineer, and the same was approved by the persons named in section 7, and when the certificate was thus issued and approved the same should become binding upon the city, and should be paid out of the proceeds of the sale of the bonds.

Section 11 of the ordinance closes as follows: "If any part of this ordinance is declared illegal by any court of competent jurisdiction, then no bonds are to be issued under this ordinance, and this ordinance is to be considered as invalid and void."

Appellee's counsel contends that the ordinance is void because it creates new offices and officers, and names the persons to fill them, which he claims is in violation of the Constitution and the city charter. Appellant's counsel, on the other hand, contend that the ordinance does not create any office or officer, and that the persons named in the ordinance were not appointed as officers, but only as agents of the city to superintend the construction of the sewerage system provided for therein. We are of the opinion that the ordinance is void in either event. If they are to be regarded as officers, then it is void because the city had no power, under the Constitution and charter, to create any office or officers other than those provided for therein. See the case of Lowery v. City of Lexington, 113 Ky., 763, 24 R., 516, 68 S. W., 1109. If it was intended by the ordinance to make them simply agents, then it is void because they supplant the city council in the matters provided for in the ordinance. The General Assembly, by section 3058 of the Kentucky Statutes of 1899, delegated to the city council of the city of Lexington the power and authority, by ordinance, to establish, erect, and maintain sewers; and it had no power by ordinance to delegate this power to others, and relieve itself of responsibility. We do not mean to be understood to say that the city council should perform the manual labor, or be present in a body or individually to superintend the construction of the sewer; but it should retain the power and control, and remain supreme in the matter of the approval of the plans and specifications, ma-

terial to be used, prices to be paid for same, the acceptance or rejection of bids for the work, and the approval or rejection of the work when completed, the issual of the bonds, the payment of the money on contracts, and other like duties and powers. The council had no right or power to delegate such duties and powers to others, and relieve itself from the labor and responsibility thereof. Dillon, in his work on Municipal Corporations, vol. 1 (3d Ed.), section 96, uses this language: "The principle is a plain one that the public powers or trusts devolved by law or charter upon the council or governing body, to be exercised by it when and in such manner as it shall judge best, can not be delegated to others." In the same work (volume 2, section 779), this language is found: "We have already had occasion to refer to the principle that public powers conferred upon a municipality, to be exercised by its council when and in such manner as it shall judge best, are incapable of delegation. The principle extends to the authority conferred upon a municipal corporation to levy and collect taxes, or to determine upon the necessity and character of local improvements." To the same effect is the case of Hydes v. Joyes, 4 Bush, 464, 96 Am. Dec., 311.

We are clearly of opinion that the ordinance is void. Wherefore the judgment of the lower court is affirmed.