CASE 36.—PENAL ACTION BY THE CITY OF LOUISVILLE
AGAINST JAMES TREASY FOR A VIOLATION OF
A CITY ORDINANCE.—March 1, 1910.

## Treasy v. City of Louisville

Appeal from Jefferson Circuit Court (Common
Pleas Branch, Third Division).

MATT O'DOHERTY, Judge.

Defendant convicted and fined and appeals.—Af-
firmed.

Municipal    Corporations—City    Ordinances—Public    Health—
Vaults—Construction.—Louisville  Building  Ordinance, sec-
tion 81, requires that any existing vault on property abut-
ting on a public sewer shall be filled after 60 days' notice
to the owner by the inspector of buildings, chief of the
health department, or chief of police.  Held, that  such
ordinance made it the duty of the officers named to give
all, persons having vaults so situated notice to fill the same,
and was therefore not objectionable as delegating to such
officers a duty which should have been exercised by the
council, nor as authorizing them to discriminate as to whom
notice should be given.

ALFRED SELLIGMAN for appellant.

JOSEPH S. LAWTON and CLAYTON B. BLAKEY for ap-
pellees.

OPINION OF THE COURT BY CHIEF JUSTICE NUNN—
Affirming.

Appellant was convicted, and fined $5 and costs,
for the failure to comply, after the required notice
had been given him, with section 81 of the Building
Ordinance of the city of Louisville, which is as fol-
lows: "No privy vault shall hereafter be dug and

house be erected over the same on any lot that abuts front or rear on a public sewer, and any privy vault now on any lot that abuts front or rear on a public sewer shall be  emptied and  then filled with fresh earth by the owner or agent of said lot after sixty days' notice in writing so to do has been given to said owner or agent  by the inspector of  buildings, chief of the health department, or chief of police.''

Appellant contends that this section is violative of section 2 of the Bill of Rights of the present Consti- tution of the state, to-wit: ''Absolute and arbitrary power over the lives, liberty and property of free men exists nowhere, in a republic, not even in the largest majority.'' He claims that this ordinance confers  upon  the inspector of  buildings, and  the chiefs of the health and police departments, absolute and arbitrary power over the property of such citi- zens as they choose to bring within its provisions; that it gives these officers the arbitrary power to make the ordinance apply to one person and to ex- cuse another from its conditions.  In other words, it rests with the officers as to whose privy vaults should be emptied and filled with fresh earth.  He further contends that the ordinance is not applicable to all persons who had a privy vault that abuts, front or rear, on a public sewer, but applies alone to such of them as the officers named make it apply to by giving the '60 days' notice.  If this were true, the ordinance would be void, because it would delegate to these officers a power and duty which should be exercised by the council.  See the case of Lowery v. City of Lexington, 116 Ky. 157, 75 S. W. 202, 25 Ky. Law Rep. 392.

Appellant concedes that the first part of the ordi- nance, which prohibits privy vaults from being lo-

cated thereafter at the places specified, is valid, and also concedes that, if the city council had made a legislative declaration to the effect that all such privy vaults then in existence constituted a nuisance and should be filled with fresh earth, it would have been a valid exercise of the police power. But, as stated, he contends that there is no such legislative declaration in the ordinance, and that it leaves the officers named with the power to exercise it in accordance with their pleasure. We are of the opinion that appellant misconceives the meaning of the ordinance. Privy vaults in cities and densely populated settlements are per se a nuisance, and the ordinance, unmistakably, shows a purpose on the part of the council to rid the city of them wherever they abut, front or rear, on a public sewer, and to prohibit the placing of others there; and the meaning of the ordinance is that the inspector of buildings and the chiefs of the health and police departments should give all persons the 60 days' notice who have privy vaults abutting, front or rear, on a public sewer, and if these officers complied with their duty, as prescribed by the ordinance, it would have acted alike upon all whose property was similarly located, and in no sense would they have arbitrary power over the property of others as contemplated by the provision of the Constitution referred to. It is not alleged that these officers violated their duty by singling out some persons who have privy vaults so situated and giving them the 60 days' notice, and leaving the others unmolested; and, if the officers were guilty of such conduct, it would not make the ordinance void, but they would be guilty of misfeasance or malfeasance in office. It would not do to declare every ordinance and statute invalid because they

were not executed impartially. The ordinance under consideration makes it the duty of the officers named to give all persons who have privy vaults situated upon property abutting upon a public sewer, front or rear, notice to empty and fill them with fresh earth.

For these reasons, the judgment of the lower court is affirmed.