## City of Olive Hill v. Tabor.

(Decided April 25, 1911.)

## Appeal from Carter Circuit Court.

1. Side-Walks—Cities of Fifth Class—Under Kentucky Statutes, Section 3645.—Cities of the fifth class have the power to construct side-walks and assess the cost against the fronting and abutting property owners where after notice, they have themselves failed to construct the side-walk as required by ordinance.

2. Grade—Failure to Fix in Ordinance—Consent of Property Owners.—Failure to fix the grade will not render the ordinance invalid, the presumption being that the grade shall be the same as the existing grade. And where the property owner consents to the grade upon which the side-walk is built, he cannot afterwards complain of the grade.

3. Materials—One of Two.—The city council may provide that the side-walk shall be of one of two materials.

4. Section 3647, Kentucky Statutes—Lowest Bidder.—As the work in controversy did not involve the expenditure of $100.00, the provisions of section 3647, Kentucky Statutes, requiring the work to be done by contract and to be let to the lowest responsible bidder after due notice, did not apply and there was therefore no violation of the statute.

HENRY L. WOODS for appellant.

H. R. DYSARD for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

The charter of cities of the fifth class gives to the city council the power to order any work they deem necessary to be done upon the sidewalks, curbing, sewers, streets, avenues and public places of such cities. The expense incurred in making and repairing the sidewalks is borne by the owners of land fronting and abutting thereon. Such owners are given the right to make such improvements if they prefer doing so. In the event of their failure, the city council is authorized to have the work done and assess upon the lands fronting and abutting the cost thereof, which is made a lien on the land. (Sec. 3643, Ky. Stats.)

Pursuant to the authority contained in the above section of the statutes the city council of the city of Olive Hill ( a city of the fifth class) enacted an ordinance

ordering a sidewalk to be built on the south side of Main street in front of the property of certain owners, including appellee, N. D. Tabor. The ordinance provided that the sidewalk should be of sawed stone or concrete, and of the width of four feet. It was to be built within sixty days from the date of the ordinance, and was to be paid for by the property owners who owned land fronting and abutting on said street. In case of the failure of any abutting land-owners to do the work within sixty days, the street commissioner was directed to build the same and take proper steps to enforce the lien on the property. This ordinance was duly passed October 1st, 1906, and was thereafter published as provided by law.

Subsequently, the city council enacted a second ordinance ordering a sidewalk to be constructed on the north side of Railroad street and in front of the property of appellee and others. This sidewalk was also to be of sawed stone or concrete, and was to be built within sixty days from the time the ordinance took effect.

All the parties notified built their sidewalks except appellee and two others. The street commissioner contracted with L. F. Tyree, a contractor, to do the work at twelve and one-half cents per square foot, after appellee refused to do it. The pavements were built of concrete. Thereafter the contractor filed with the city council his claim for doing the work on both streets, and it was approved and paid.

Appellee having declined to pay for the work, appellant brought this action to recover the sum of $6.37, the cost of the sidewalk on the south side of Main street, and the sum of $24.18, the cost of the sidewalk on the north side of Railroad street. Appellee defended on the ground of irregularities in the proceedings, and also filed a counter-claim for damages growing out of the work done. Upon submission of the case, the court dismissed the city's petition, and it appeals. Appellee has not prosecuted a cross-appeal.

The ordinances in question are not invalid because they failed to fix the grades for the two sidewalks. In the absence of a provision in an ordinance fixing the grade of the sidewalk, the presumption is that the existing grade is to be adopted. Furthermore, the proof in this case shows that appellee consented to the grades upon which the sidewalks were constructed, and he can

not now complain upon this score. There is also evidence to the effect that appellee first claimed that he wanted to construct the sidewalks himself, but that he afterwards consented that the contractor, Mr. Tyree, should do the work.

The ordinances in question did not leave to the street commissioner, or to the contractor, the arbitrary power to decide the kind of material to be used, or to fix the width of the sidewalk; they prescribed that the material should be either sawed stone or concrete, and fixed the width of the sidewalk at four feet. We think it was within the power of the council to say that the sidewalk should be constructed of one of the two materials.

Section 3647, of the Kentucky Statutes, providing that, where the expenditure for public improvement exceeds the sum of one hundred dollars, the work shall be done by contract and let to the lowest responsible bidder after due notice, has no application to this case. While the entire cost of all the sidewalks on each particular street would have exceeded one hundred dollars, nearly all the other property-owners had the work done themselves, so that the expenditure actually involved is considerably less than one hundred dollars. It was, therefore, unnecessary to comply with the statute. As a matter of fact, there were only two men in the city of Olive Hill who were engaged in the work of making concrete sidewalks; each charged the same price, to-wit, twelve and one-half cents per square foot. That is the price at which the work was contracted for, and done. The evidence does not show that the price charged is unreasonable.

While the proceedings in this case were not attended by that formality which is to be desired in such matters, we fail to perceive any reason why appellee should be released from liability. In the earlier opinions of this and other courts, a very strict compliance with the charter and ordinances of the city was held to be necessary in order to charge a property-holder with the cost of a public improvement. According to the more recent doctrine a substantial compliance with the law and contracts made in pursuance thereto, is all that is required. (Nell v. Power, et al., 32 Ky. Law Rep. 952.) Especially should this prevail where the property-owner is first given an opportunity to build the sidewalk, himself, and

fails to do so, and there is sufficient evidence to show that he consented to the contractor's doing the work upon the particular grade and with the kind of material used.

We, therefore, conclude that judgment should have gone for appellant for the amount sued for, and that it should be adjudged a lien upon each tract of appellee's land for the cost of the sidewalk in front thereof.

Judgment reversed and cause remanded, with directions to enter judgment in conformity with this opinion.