CITY OF LAMPASAS v. HULING.*
(No. 5988.)

(Court of Civil Appeals of Texas. Austin. Dec. 18, 1918. Rehearing Denied Feb. 19, 1919.)

1. MUNICIPAL CORPORATIONS ⟨⟩122(4)—ENACTMENT OF ORDINANCE—PROOF.

In city's suit to recover from property owner cost of constructing cement sidewalk, where agreed facts stated that the ordinance was passed by city council on given date, and city put in evidence book of minutes of council which set out ordinance in full and showed it was duly passed, proof of enactment of ordinance was sufficient.

2. MUNICIPAL CORPORATIONS ⟨⟩306—SIDEWALK IMPROVEMENT—ORDINANCE—PERSONAL CLAIM AGAINST OWNER.

City's ordinance requiring construction of sidewalks was not void because it undertook to make cost of construction, with legal interest and cost of collection, a personal claim against property owner; statute so authorizing.

3. MUNICIPAL CORPORATIONS ⟨⟩302(4) — SIDEWALK IMPROVEMENT — ORDINANCE — PUBLICATION — STATUTE — IMPOSITION OF "PENALTY OR FORFEITURE."

City ordinance requiring construction of sidewalks by owner or by city at his expense held not to impose penalty or forfeiture within Rev. St. art. 819, requiring publication of every ordinance so doing.

4. MUNICIPAL CORPORATIONS ⟨⟩284(2) — SIDEWALK IMPROVEMENT — ORDINANCE — DELEGATION OF POWERS OF COUNCIL.

City ordinance providing for construction of cement sidewalks by the property owner, or, on his default, by the city, under supervision of public improvement committee of city council at owner's expense, held not void as delegation of council's legislative powers.

5. MUNICIPAL CORPORATIONS ⟨⟩304(7) — SIDEWALK IMPROVEMENT—ORDINANCE AND NOTICE—DESCRIPTION OF WALK.

Ordinance of city requiring construction of cement sidewalks by owner, or, on his default, by city at his expense, together with notice served on defendant owner, held sufficient in their description of kind and grade of sidewalk required.

Appeal from District Court, Lampasas County; F. M. Spann, Judge.

Suit by the City of Lampasas against W. N. Huling. From judgment for defendant, plaintiff appeals. Reversed and rendered.

H. F. Lewis, City Atty., and Matthews & Browning, all of Lampasas, for appellant.

T. S. Alexander and Word & Walker, all of Lampasas, for appellee.

KEY, C. J. Appellant, a municipal corporation, in the year 1890 accepted the provisions of the Revised Statutes relating to cities of more than 1,000 inhabitants, in lieu of its special charter granted by the Legislature in 1873. On August 16, 1917, appellant instituted this suit against appellee to recover the sum of $116.20, expended by appellant in constructing a cement sidewalk in front of appellee's land within appellant's corporate limits, and to foreclose its lien on the land.

In addition to a general denial, appellee pleaded that appellant had no valid ordinance requiring or authorizing the construction of the sidewalk referred to; that the alleged ordinance had not been published as required by law; that it attempted to delegate legislative powers to a committee of aldermen designated the "public improvement committee," and for that, as well as for other, reasons the ordinance was void.

There was a nonjury trial, which resulted in a judgment for the defendant, and the plaintiff has appealed.

We sustain appellant's first assignment of error, which reads as follows:

"The plaintiff having proved a valid ordinance of the city of Lampasas (191–A), and the issuance and service of a valid notice to the defendant, being the ordinance and notice set forth in plaintiff's petition, and the defendant having failed to construct a side walk in front of his property as required by said ordinance and notice, and after such failure the plaintiff having constructed such sidewalk at an expense to it of $116.20, the court erred in failing to render judgment in favor of plaintiff for said sum, and in rendering judgment for the defendant."

The trial judge filed findings of fact and conclusions of law, and held that the ordinance was void, without indicating in his conclusions of law the particular ground for so holding; and therefore this opinion will be limited to the consideration of the reasons urged in appellee's brief for an affirmance of the judgment.

[1] I. We overrule appellee's contention that there was not sufficient proof that the ordinance pleaded had been enacted by the city council. The ordinance referred to was designated as "No. 191–A," and the agreed statement of facts states in so many words that that ordinance was passed by the city council on June 27, 1917, and the plaintiff put in evidence the book of minutes of the

city council, which set out the ordinance in full, and showed that it was duly and properly passed.

[2] Nor is there any merit in the contention that the ordinance is void because it undertakes to make the cost of constructing the sidewalk, with legal interest and cost of collection, a personal claim against the property owner. The statute authorized the city council to enact the ordinance, and render appellee and his property liable for the amount sought to be recovered, unless the ordinance was invalid for some other reason.

[3] II. Article 819 of the Revised Civil Statutes provides that every ordinance imposing any penalty, fine, imprisonment, or forfeiture shall be published before it becomes effective, and, as the ordinance in question was not published, counsel for appellee contend that it is void for that reason. That contention rests upon the predicate that the ordinance imposes a penalty, or provides for a forfeiture. The ordinance provides:

"Should any person owning property abutting or adjacent to any street along which any sidewalk shall be required to be constructed fail or refuse to construct any such sidewalk in front of or adjacent to his or her property in the manner required by this ordinance and as directed by the public improvement committee or the chairman thereof, within twenty days after notice as hereinbefore provided, the said public improvement committee for said city shall proceed to have said sidewalk constructed, and the cost of constructing the same shall be charged against such person, the owner, and the costs of construction of such sidewalk shall constitute a lien upon the property contiguous or adjacent to said sidewalk. Said costs of construction of such sidewalk adjacent to such property, together with legal interest and the cost of collection, shall constitute a personal claim against such property owner and be secured by a lien on such property superior to all other liens, claims, or titles, except lawful taxes, and such liability and lien may be enforced against such owner by suit in any court having competent jurisdiction."

We are of opinion that the language quoted does not impose a penalty or forfeiture, but that it merely provides a method by which the owner of real estate can be compelled to pay for the construction of sidewalks in the public streets adjacent to such property. As a general rule, sidewalks enhance the value of adjacent real estate, and it is for that reason that it is not deemed unjust to require the owner of such real estate to bear the burden of such improvements; and a law which accomplishes that result, and nothing more, imposes neither a penalty nor a forfeiture.

[4] III. It is provided by statute that city councils have exclusive control and power over streets and alleys, public playgrounds and highways, and to construct, regulate, and keep in repair bridges, culverts, and sewers, sidewalks and crossways, and to regulate the construction and use of the same; and therefore, it is contended on behalf of appellee that, inasmuch as the ordinance in question, which provides "that all the sidewalks now constructed, or which shall hereafter be constructed, in the city of Lampasas, Tex., shall be done under the supervision of the public improvement committee of the city council of the city of Lampasas," the same is void.

The general rule is that, unless specially authorized so to do, legislative bodies, including those representing municipal corporations, cannot delegate to any other body or person legislative authority, but that such bodies, and especially municipal councils, may delegate such powers as are properly described as executive or administrative.

The first section of the ordinance in question vests in the public improvement committee of the city council supervision over all sidewalks "now constructed, or which shall hereafter be constructed," and declares that all future construction of sidewalks shall be under the supervision of that committee. The second, third, and fourth sections read as follows:

"Sec. 2. That all sidewalks in the city of Lampasas shall be constructed of cement, four inches in thickness, or depth, and shall be four feet wide in the residence portion of the city, and eight feet wide in the business portion of the city. Said sidewalks shall be constructed, if not already constructed, and maintained on all streets in front of, or adjacent to, all abutting property on the streets within the following territory in the said city of Lampasas: On both sides of Second street from Pecan street to Park street, inclusive; on both sides of Third street from Hackberry street to the city limits on the west; on both sides of Fourth street from Hackberry street to Ridge street; on both sides of Western avenue from Fourth street to North avenue; on both sides of Main street from Fourth street to North avenue; and on both sides of Grand avenue from Fourth street to North avenue. Such sidewalks shall conform to the grade furnished or to be furnished by the public improvement committee, and shall be constructed and maintained and kept in good repair by the owner of said abutting or adjacent property.

"Sec. 3. In case sidewalks are to be constructed along any of said streets or other street in said city of Lampasas, the chairman shall notify the owners of all the abutting or adjacent property on such street, in writing, to construct such sidewalk. Said notice shall state the kind of sidewalk required to be constructed, together with its approximate location and grade, and the name of the street along which said sidewalk is ordered to be built, and the number of the lots or blocks, or both, belonging to said persons, along which they are required to construct said sidewalks; the said notice to be signed by the chairman of the public improvement committee. The notice hereby required may be served by delivering the same to the owner of said property, or by leaving the same

with any member of the family of such person who is over 14 years old, or by leaving such notice at the owner's place of business, with any agent or clerk of such person during business hours. If the owner of such property is not a resident of the city of Lampasas, then service may be made as above provided on his agent or attorney, or by mailing such notice to the said owner's address, postage being prepaid.

"Sec. 4. Should any person owning any property abutting or adjacent to any street along which any sidewalk shall be required to be constructed, fail or refuse to construct any such sidewalk in front of, or adjacent to, his or her property in the manner required by this ordinance, and as directed by the public improvement committee, or the chairman thereof, within twenty days after notice as hereinbefore provided, the said public improvement committee for said city shall proceed to have said sidewalk constructed, and the cost of constructing the same shall be charged against such person, the owner, and the costs of construction of such sidewalk shall constitute a lien upon the property contiguous or adjacent to said sidewalk. Said costs of construction of such sidewalks adjacent to such property, together with legal interest and the costs of collection, shall constitute a personal claim against such property owner, and be secured by a lien on such property superior to all other liens, claims or titles, except lawful taxes, and such liability and lien may be enforced against such owner by suit in any court having competent jurisdiction."

Appellee owns block No. 35, which fronts upon one of the streets designated in section 2 of the ordinance. After the passage of the ordinance, the following notice was served upon him:

"Sidewalk Notice.

"Lampasas, Texas, June 28, 1917.
"Mr. W. N. Huling, Lampasas, Texas—Sir: You will take notice that by virtue of Ordinance No. 191–A, passed by the city council of the city of Lampasas, in Lampasas county, Texas, on June 27, 1917, all persons owning real property adjacent to or abutting on either side of Second, Third and Fourth streets, Western avenue, Main street and Grand avenue, in said city, within certain limits, within which limits is included the block No. 35, hereinafter mentioned, are required to construct cement sidewalks along said streets adjacent to their property.

"Now, in accordance with the provisions of said ordinance you are hereby notified to construct, within twenty days from the time of the service of this notice on you, a cement sidewalk on the north side of said Second street, in front of the following property owned by you, viz.: All of block No. 35 of A. H. Barnes' addition to said city of Lampasas, Texas.

"The north side or edge of said sidewalk so directed to be constructed shall be approximately two feet from the south line of said block 35; the width of said sidewalk to be four feet, and the thickness thereof to be four inches, and the said sidewalk shall conform to the grade of the street crossings heretofore made and approaching and terminating at the ends of said sidewalk so directed to be constructed, and said sidewalk to be otherwise constructed in the manner provided for in said ordinance.

"You are further notified that upon your refusal or failure to construct said sidewalk in front of said block No. 35, as above indicated and directed, within 20 days from the time of the service on you of this notice, then said city of Lampasas, through the public improvement committee, appointed by said city council, will thereafterwards proceed to construct the same, and the costs of such construction will be charged against you, and the same will constitute a lien on said block No. 35, and the said costs will be collected from you and such lien enforced in such manner as is provided for in said ordinance and by the laws of the state of Texas.

"Given under my hand and the seal of the city of Lampasas this the 28th day of June, A. D. 1917. J. A. Hallmark, Chairman of the Public Improvement Committee of the City Council of the City of Lampasas, Texas."

After the expiration of 20 days from the service of that notice, appellant, acting through J. A. Hallmark, chairman of the public improvement committee, caused the sidewalk in question to be constructed at a cost of $116.20, which was fair and reasonable.

In our opinion, the ordinance does not confer upon the committee legislative power, and therefore it is not subject to that objection. The powers conferred upon and exercised by the committee were administrative in their nature, and what was done thereunder by the committee was the exercise of executive or administrative power. The governing boards of municipal corporations exercise two classes of power, one legislative, and the other administrative; and the weight and tendency of modern authorities are to the effect that the latter class of power may be delegated. Hitchcock v. Galveston, 96 U. S. 341, 24 L. Ed. 659; City of Galveston v. Heard, 54 Tex. 420; City of Longview v. Capps, 123 S. W. 160; Booth v. City of Dallas, 179 S. W. 301; City of Brenham v. Holle & Seelhorst, 153 S. W. 345; Rich v. Woods, 118 Ky. 865, 82 S. W. 578; Treasy v. City of Louisville, 137 Ky. 289, 125 S. W. 706; 28 Cyc. 277, 278, 695, 968, 969.

[5] IV. The contention that the ordinance and notice served upon the defendant did not sufficiently describe the kind and grade of sidewalk is not believed to be sound. The undisputed proof shows that sidewalks in existence in Lampasas at that time, and those under construction, were commonly called cement sidewalks, and were made of a mixture of cement, gravel, and sand. If appellee did not himself know exactly how much of each ingredient nor what particular grade was necessary to satisfy the demand of the city council, no doubt he could have ascertained that fact by conferring with the chairman, or some other member of the committee which had control of such work; and therefore we hold that the ordinance and no-

tice served upon appellee concerning the contemplated improvement was sufficient. 1 Dillon on Municipal Corporations (5th Ed.) § 244, and note; 28 Cyc. 1002, 1003, and notes; City of Olive Hill v. Tabor, 143 Ky. 336, 136 S. W. 649.

In the last case cited the Supreme Court of Kentucky said:

"While the proceedings in this case were not attended by that formality which is to be desired in such matters, we fail to perceive any reason why appellee should be released from liability. In the earlier opinions of this and other courts' a very strict compliance with the charter and ordinances of the city was held to be necessary in order to charge a property holder with the cost of a public improvement. According to the more recent doctrine, a substantial compliance with the law and contracts made in pursuance thereto is all that is required. Nell v. Power, etc., 107 S. W. 694, 32 Ky. Law Rep. 952."

While some minor questions have not been discussed in this opinion, what has been said disposes of the merits of the case against appellee; and, as there is no dispute about the facts, the judgment of the court below is reversed, and judgment here rendered for appellant for $116.20, and the foreclosure of its lien upon the property referred to, and all costs of both courts.

Reversed and rendered.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes