No. 9538.   No. 9539.

CITY OF LEADVILLE *v.* McDONALD.

CITY OF LEADVILLE *v.* McDONALD, ADMINISTRATOR.

1. MUNICIPAL CORPORATIONS—*Delegation of Power.* A city cannot delegate the authority to establish the grade of a sidewalk.

It may delegate mere ministerial power, e. g. surveying. investigation, computation, and may take the advice of professional people, but the final determination must be made by the council.

2. INSTRUCTIONS—*Construed.* An instruction that if the council "authorized the committee to. fix the grade and they authorized the engineer to determine the grade, and he did so, to the satisfaction of the committee, the grade is, in law, established by the council." *Held* to present the question as to the power of the city council to delegate its authority.

3. MOTION FOR NEW TRIAL—*Rule 8.* The purpose of Rule 8 is to afford the court below opportunity to correct its own errors. A motion which clearly indicates the objections sought to be raised thereby is sufficient.

*Error to Lake District Court, Hon. Francis E. Bouck, Judge.*

*Department Two.*

Mr. R. D. McLEOD, for plaintiff in error.

Mr. BARNEY L. WHATLEY and Mr. A. B. CROSSWHITE, for defendant in error.

Opinion by Mr. Justice Denison.

THE two cases involve the same points and we shall refer in this opinion only to the one first above named.

The defendant in error was plaintiff below and brought suit against the city for damages caused by digging up his sidewalk and destroying a retaining wall in front of his lots on Seventh Street.

The city justified under a resolution of the Council passed in 1916, establishing the grade, and alleged that it had merely reduced the sidewalk to the grade provided by that resolution.

The plaintiff, however, had (prematurely) alleged in his complaint that there were earlier proceedings of the City Council, fixing the grade, under and according to which, and according to the city's direction and requirement, he had laid the sidewalk.

In this state the abutting lot owner cannot recover from the city for damage caused by the reduction of the street to the grade first established by the city.

*Leiper v. Denver,* 36 Colo. 110, 85 Pac. 849, 7 L. R. A. (N. S.) 108, 118 Am. St. 101, 10 Am. Cas. 847.

The principal question in the case, therefore, was whether the grade established in 1916 was the first.

The proceedings relied on by plaintiff to show a previous establishment of grade appeared in the record of the City Council's proceedings as follows, April 16th, 1907:

"Alderman Carter reported that the residents of the 300 Block on West Seventh would like to have the grade for the sidewalks. On motion of Alderman Carter seconded by Alderman McDonald, it be referred to the Street Committee with power to act."

Pursuant to this one Heitz, said to be connected with the City Engineer's office, went out and established the grade, and plaintiff built his sidewalk accordingly. The evidence does not show whether the committee employed either Heitz or the city engineer, no report appears to have been made by the committee, or the engineer, or Heitz to the Council and no further action by the Council.

The best that can be said for the plaintiff under the evidence, is that the Council delegated their authority to a committee, the committee to the engineer and the engineer to Heitz who exercised the authority given to the Council by the statute, R. S. 1908, sec. 6525, par. Seventh, to fix the grade of the street.

This authority cannot be delegated.

*McCrowell v. Bristol,* 89 Va. 652, 16 S. E. 867, 20 L. R. A. 653, 658, 659 (see note to this case) ; *Lyon v. Jerome,* 26 Wend. (N. Y.) 485, 37 Am. Dec. 271; *Thompson v. Schermerhorn,* 6 N. Y. 92, 55 Am. Dec. 385; *State v. Paterson,* 34 N. J. Law, 163 ; *Thompson v. Boonville,* 61 Mo. 282; *Day v. Green,* 4 Cush. (Mass.) 433; *Hydes v. Joyes,* 4 Bush. (Ky.) 464, 96 Am. Dec. 311; *Oakland v. Carpentier,* 13 Cal. 540, 546, 547.

The foregoing are but a few of the cases to the same effect on this point. *Hildreth v. Longmont,* 47 Colo. 79, 105 Pac. 107, tends also to support it.

It is urged that since the statute does not require the Council to act by ordinance it may pursue such method as it sees fit. So it may: but that does not authorize the delegation of its legislative power. We do not deem it important, upon this question of delegation, whether the legislature has required the Council to act by ordinance or not. As is said in many cases, expressed in various language, it is the judgment and discretion of the council that is required, and though they may delegate all ministerial power such as surveying, investigation and computation, and may take the advice of attorneys, engineers and others, the final determination must be by the council itself. They may lay out a general plan and delegate to agents the power to carry it out, and they may have agents make a plan which they afterwards adopt, but the legislative act must be theirs.

*Davies v. Saginaw,* 87 Mich. 439, 449-450, 49 N. W. 667; *Lowry v. Lexington,* 116 Ky. 157, 75 S. W. 202.

It is argued that exceptions to the instructions are not shown by the record to have been taken before the instructions were given, according to rule 7.

The record shows that defendant requested the following instruction:

"The Court instructs the jury that the power to establish the grade of the sidewalk in front of the premises in question, belongs to the City Council alone, that this power cannot be delegated by the City Council to any officer or committee, and unless you find from the evidence that the City Council established this grade in 1907, then you must find that the grade was first established in 1916, and the plaintiffs cannot recover."

Which instruction the court refused to give as asked, and that the court elsewhere instructed the jury, that if the Council "authorized the committee" * * "to fix that grade" and they "authorized the City Engineer to determine that grade" and he did so "to the satisfaction of this committee, then the grade is, in law, established by the City Council,"

to which the defendant excepted. This was enough to raise the question we have determined above.

It is also argued that the question of delegation cannot be considered because it was not raised in a motion for a new trial under rule 8. We think the terms of the motion for a new trial are less specific than is desirable, but we cannot say the question was not raised by them since they are broad enough to cover the instruction and the refusal to instruct which we find erroneous on this point, and specific enough to clearly indicate, to the court below at least, what the objections were which defendant sought to raise by the motion.

In other words, the court below was afforded an opportunity to correct its own error, which is the purpose of rule 8.

The judgment should be reversed.