# Association of Army and Navy Stores v. Young.

Dec. 3, 1943.

Garland E. Allen for appellant.

J. J. Kavanagh and C. A. Whistler for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellant, Association of Army and Navy Stores, is a New York corporation and will be hereinafter referred to as plaintiff. The appellee is now, and has been for twenty years, more or less, a retail groceryman in the city of Louisville, Kentucky. The business of plaintiff is to ultimately increase sales by retail merchants, of the commodity dealt in by them, by increasing their customers through a process adopted in contracts which it makes with retail merchants for a consideration paid by the retailer to it, and promises made by it to a specified group of patrons of the retail merchant. A substantial outline of that adopted process is: That plaintiff organizes a group of consumers of the merchandise dealt in by the merchant which is composed of "present and former members of the military or naval services of the United States, its States and Territories, and their wives, widows, minor children and such other persons as may be wholly dependent upon them for support, who have become members of the Association for the purpose of obtaining the benefits of co-operative buying afforded by the Association." The incentive offered the members of the limited group of consumers to associate themselves, is the agreement on the part of plaintiff to pay to each member of the consumer group 5% of the amount of their purchases which they may make at the store of the associated merchant group and which is payable at the end of each month on due certification of the amount of purchases made the preceding month by the member of the consumer group from the member of the merchant group.

The members of the merchant group become such by entering into a contract with plaintiff, whereby in consideration of its promise to the individual merchant to advertise his store as a member of the merchant group, and to bring such information, through such advertisement, to the local members of the consumer group so that they might become induced to patronize the merchant member in that locality and be entitled to the 5% of their purchases which plaintiff agrees to pay them. For the promise by plaintiff to so advertise the business of the members of its merchant group each member of that group agrees with plaintiff to pay it 8½% of the amount of his sales to patrons who are

members of the consumer group, and to also pay plaintiff $2.50 per month for one store operated by the merchant in one city.

On May 26, 1936, appellee, Young, became a member of plaintiff's merchant group by executing a contract with plaintiff embodying the stipulation above enumerated in order to become such member and which, of course, contained the promise by the merchant to pay to it 8½% of sale accounts made to members of the consumer group at his store, as well as the $2.50 per month during the life of the contract which, in this case, was for five years. After executing that contract defendant made no payments on either of the items he had agreed to make in his contract with plaintiff, and on May 4, 1940, it filed this action against defendant to recover the amount due by him under his contract, which at that time was $333.67; but before the trial, and after the contract had expired, it amended its petition by including later accrued items which increased the total indebtedness sued on to $426.60. With its petition and the amendment thereto it filed exhibits of the various purchases from defendant of groceries by members of its consumer group upon which defendant promised to pay to it the 8½%, and it also filed as an exhibit with its petition copies of monthly circulars printed by it which it distributed to each of the members of both groups. It also alleged that quantities of the circulars were distributed at hotels and other public places where they might be obtained, and by means of all of which consumer members would be informed of all local merchants belonging to plaintiff's merchant group. In the circular appears the name of defendant as a member of the latter group in the city of Louisville, Kentucky. Defendant's answer to the petition consisted of a formal denial of the material allegations of the petition, except he admitted the execution of the contract sued on, but sought to avoid the obligations therein assumed by alleging that it was his understanding—which he obtained from plaintiff's agent who procured the contract—that it would apply only to new customers which defendant might thereafter secure from members of the consumer group. He then alleged that he had procured no new patrons from that group since the execution of the contract; but he nowhere averred, or in any manner charged, that he was fraudulently induced to execute the contract by any misrepresentation made by plaintiff

or any of its agents, nor did he allege that by fraud or mistake the contemporaneous parol agreement to limit the terms of the contract to new customers belonging to the consumer group, was omitted from the written contract, which closes with this sentence: "The foregoing accurately and fully states the entire agreement between the parties hereto." Therefore, no reformation of the written contract was sought by defendant in any of his pleadings. He also alleged in his answer that about six months after the contract was made he wrote letters to plaintiff whereby he purported to cancel the contract.

Plaintiff moved to strike from the answer the allegation that the contract applied only to new customers (which was sought to be injected therein by parol testimony only) and to also strike therefrom plaintiff's attempted cancellation of the contract, each of which motions the court overruled, and at the trial permitted defendant to introduce testimony, given by himself and his wife, to prove the averments of the answer that plaintiff sought to strike therefrom, to all of which plaintiff objected, but its objections were overruled.

Plaintiff proved without contradiction that it complied with all the terms of its contract with defendant and no effort was made by him to contradict that proof— the entire defense apparently resting upon the contention that the contract applied only to new customers from the consumer group which defendant might obtain following the execution of the contract. The proof introduced by defendant in support of what might be deemed his sole defense was vague, uncertain and by no means convincing, and which applied to both of the issues he raised, i.e., that the contract related only to future customers and that there were no such new customers patronizing his store following the execution of the contract. But if his proof had been positive and clear in both respects it would then be unavailing because his pleading was not so framed as to permit parol proof of such facts since the proper foundation therefor had not been made in his pleading.

We need not take up space or time in substantiation of the universally applied principle that contemporaneous parol testimony is not admissible to vary, or add to, or alter the terms of a writing, without an averment that the parol proven terms were omitted from the

contract by either fraud or mistake. Two comparatively late cases so holding are Akins v. City of Covington, 265 Ky. 740, 97 S. W. (2d) 588, and Wells v. West, 228 Ky. 737, 15 S. W. (2d) 531. Therefore, the rulings of the court in refusing to sustain plaintiff's motion to strike from the answer, and in admitting such parol testimony were each prejudically erroneous, since each of them should have been sustained. But with each of them overruled a jury was empanelled and at the close of the testimony the court sustained defendant's motion for a peremptory instruction, on the ground that the contract was non-enforcible because of a want of mutuality, whereby it became a unilateral one which, under the law, is a contract based upon no consideration flowing from the one seeking to enforce it. Plaintiff's motion for a new trial was overruled and from the judgment pronounced on the directed verdict it prosecuted this appeal.

The doctrine concerning unilateral contracts and mutuality of obligation so as to afford remedies for their enforcement by each party, is thoroughly discussed by the text in 12 Am. Jur. beginning on page 509, section 12, and extending to page 513, section 15. We will not attempt to reproduce the contents of the text, since what it says may be obtained by reference thereto. It will be found therein that an unexecuted contract is valid and supported by sufficient consideration when there are mutual promises to be performed by each party, the promise of the one being a consideration for the promise of the other. That aspect of the case is treated in the text of the same volume beginning on page 608, section 114. Of course, the promise of each party must be a valid and binding one and as the text says in the section 114 referred to: ''The promises must be concurrent and obligatory upon both at the same time. Mutual promises are, in legal sense, simultaneous when the continuing promise of one is met by, and is the inducement for, the reciprocal promise of the other.'' Further along in the same section it is said, ''A contract should be construed in such a way as to make the promises mutually binding upon the parties, unless such construction is wholly negatived by the language used.'' In notes thereto are cited many cases from many courts, and which this court has approved in numerous cases, including those cited supra.

The mutual promises of the respective parties to

the contract upon which this action is based are: The plaintiff agreed with defendant to advertise his store among and with its consumer customers to whom it paid five percent of the amount of their purchases as an inducement for them to patronize defendant's store. It indisputably proved that it did so advertise, not only directly with its consumer members, but also in the publication and distribution of its monthly bulletins or pamphlets. It did not agree in its contract to confine its terms to the acquisition of new customers by defendant, through the process of its operations. In consideration of that indisputably established compliance of plaintiff's promise, defendant agreed to pay to it the items sued for which he never did. According to the rule, supra, there was and is mutuality in the contract entered into, and undisputed proof that plaintiff performed its promise and defendant has failed to perform his. So that it was the duty of the court to sustain plaintiff's motion for a peremptory instruction in its favor instead of sustaining a like motion in favor of defendant.

But it is argued (and the court appears to have placed some emphasis on it) that in as much as defendant (as he contended) received no new customers from the consumer group after the contract was executed, there was a failure of consideration which relieved him from performing his contract promises and that if the contract did apply to old customers it was without consideration, since in that event (as argued) defendant would receive no benefit growing out of his contract. But that argument overlooks the fact that even though there were no new customers acquired by defendant yet plaintiff's efforts in performing its part of the contract was not without possible benefit to defendant. The old customers of defendant who were members of the consumer group might for various reasons cease to continue as such, but which would most likely be prevented by plaintiff's promise to pay them 5% of the amount of their purchases from defendant, thus inducing them to continue to patronize defendant when they might not have otherwise done so.

There is no pretense by anyone, nor were there any grounds therefor, that the contract was invalid as invading any public policy, or for any other reason, and we have searched the record in vain for a valid reason supporting the court's action in directing the verdict for defendant.

Wherefore, the judgment is reversed, with directions to sustain the motion for a new trial and for proceedings consistent with this opinion.