CITY OF COVINGTON, Appellant,

v.

COVINGTON LODGE NO. 1, FRATERNAL ORDER OF POLICE, Appellee.

Supreme Court of Kentucky.

Oct. 13, 1981.

Otto Daniel Wolff, Asst. City Sol., City of Covington, Covington, for appellant.

Stephen D. Wolnitzek, Taliaferro, Smith, Wolnitzek & Schacter, Covington, for appellee.

STEPHENS, Justice.

The sole issue we address on this appeal is the validity of a compulsory arbitration provision in a collective bargaining agreement between a municipality and its police department.

In October of 1978 the City Commission of Covington adopted an ordinance authorizing the execution of a collective bargaining agreement with Covington Lodge No. 1, Fraternal Order of Police, which had served as the representative of most of the Covington police. The agreement, which terminated on July 1, 1980, was duly signed by both parties. It contained a provision for the negotiation of a successive agreement, prior to the expiration of the old one. It also provided for binding arbitration in the event the parties could not agree as to any or all terms of a new contract. While the parties were negotiating a new agreement, the police bargaining agent, on June 12, 1980, invoked the binding arbitration provision of the existing contract. The city declined to participate in arbitration and on July 9, 1980, litigation commenced. The police sought specific performance and damages for breach of contract and a permanent injunction. The city answered, alleging that the binding arbitration provision as to future agreements was illegal and unconstitutional. On December 2, 1980, the Kenton Circuit Court entered finding of facts, conclusions of law and a judgment which upheld the contract and ordered the city to begin arbitration. The city appealed to the Court of Appeals. Because of the importance of the issues involved, we granted a joint motion to transfer the appeal to this court. 609 S.W.2d 930.

On this appeal, the city argues that: (1) the binding arbitration provision is illegal because it is an unconstitutional delegation of legislative power by the city, (2) the

binding arbitration provision denies the voters in the city the right to cast effective votes in city elections, (3) the provision for arbitration of future disputes is against public policy and is revocable, and (4) the provision that the Fraternal Order of Police is the exclusive bargaining agent of the police is illegal in this Commonwealth. The Kentucky Municipal League, amicus curiae, argues that the binding arbitration agreement is violative of § 162 of the Kentucky Constitution because it binds the city beyond the term of the legislative body making the agreement. Because we decide this issue on the question of the delegation of legislative powers, it is not necessary to discuss the other issues.

■ It is basic constitutional law that the legislative functions of a municipal corporation rest in the discretion and judgment of the municipal body intrusted with them, and that body may not refer the exercise of those powers to the discretion and judgment of its subordinate. A fortiori a municipal corporation may not delegate to private individuals legislative or discretionary functions confided to it by the state legislature. 56 Am.Jur.2d, Municipal Corporations, §§ 196, 197. Delegation of administrative powers, however, is permissible. Kentucky follows this principle. In *Lowery v. City of Lexington*, 116 Ky. 157, 75 S.W. 202, 203 (1903), we said, "[P]ublic powers conferred upon a municipality, to be exercised by its council when and in such manner as it shall judge best, *are incapable of delegation.*" (emphasis added). See also, *City of Bowling Green v. Gaines*, 123 Ky. 562, 96 S.W. 852, 854 (1906) in which we opined, "[b]ut the rule is not that discretionary powers may be delegated with restrictions, or partly delegated. *The rule is that they cannot be delegated at all.*" (emphasis added).

■ The statement of the principle is relatively easy. The difficulty lies in making a determination as to whether a particular matter is legislative or administrative. If the power to be exercised prescribes a new policy or plan, it is legislative, and may not be delegated. If it pursues a plan already adopted by the legislative body, it is administrative and may be delegated, *City of Newport v. Gugel*, Ky., 342 S.W.2d 517 (1961). In *Miller v. Covington Development Authority*, Ky., 539 S.W.2d 1 (1976) we decided that an act which authorized creation of independent local agencies with power to establish development plans which fixed boundaries of a project area and designated the character and extent of private and public land ownership or use, all without approval of the municipality involved, was an unconstitutional delegation of legislative power. There we restricted the delegation of legislative discretion to instances of clear necessity.

> "Since, however, this basis for administrative authority runs counter to the idea of unfettered democratic choice, and removes the exercise of discretion one step beyond that which is contemplated by representative government through elected legislators, we think that sound jurisprudence must confine it to instances of clear necessity." *Id.*, at p. 4.

■ In the present case, the initial agreement between the parties was signed on October 20, 1978, following the enactment of an authorizing city ordinance. The agreement controls the relationship between the city and its police department. It deals with wages and bonuses, vacations, insurance, holidays and leaves of absence, shift differentials, overtime and supplemental pay, seniority, transfer procedures and job classifications, health and safety measures, evaluation of personnel matters, procedures for staff reductions, in-service training and grievance procedures. It also deals with matters concerning collective bargaining, security, uniform and clothing allowance, hospitalization, and injury in the line of duty. In the vernacular of the accounting profession the bottom line is that the entire spectrum of police affairs is provided for in the 1978 agreement, and is subject to binding arbitration in the 1980 agreement. In Article 9 of such agreement, it is provided that if an impasse persists for twenty continuous days *on any issue or issues* in the subject matter of the agree-

ment, either party may request arbitration "which shall be binding". The inference is loud and clear that the entire agreement—in the event of disagreement by either party—is subject to the decision of the arbitrators. They have the power to make binding decisions in lieu of the legislative body of the City of Covington.

It is clear from the statutes that the control of the police department is vested in the legislative body of cities.[1] We believe that the agreement of binding arbitration in the 1978 agreement between appellant and appellee clearly constitutes a delegation of the city's legislative control over the police department, and is therefore illegal. It is obvious that this delegation of legislative authority is not one of "clear necessity" within the purview of *Miller*, supra. The City Commission of Covington was elected by the people to have charge of the affairs of that city and the legislature specifically placed the control of the police in them. This duty was placed there for the benefit of the public, and it cannot be delegated to others. Moreover, the binding arbitration clause may well have the effect of requiring future legislative bodies of the City of Covington to enter into collective bargaining agreements. Such a decision is clearly a legislative one, and as such, is clearly invalid.

We only decide that this particular agreement, with its binding arbitration clause, is an illegal delegation of legislative powers. We specifically reserve the question of the legality of arbitration agreements to settle future disputes.

The judgment of the trial court is reversed, and the case is remanded with directions to enter a judgment in accordance with this opinion.

All concur.

CLAYTON, J., not sitting.

1. KRS 89.190; KRS 95.430; KRS 95.440(4); KRS 83A.070(2), (3); KRS 83A.150(3), (5).