The CITY OF LOUISA, Appellant,

v.

Robert NEWLAND and George Riegel, Jr., d/b/a R.D.I. Construction Company, Appellees.

Supreme Court of Kentucky.

Feb. 27, 1986.

Eldred E. Adams, Jr., Louisa, for appellant.

Phillip D. McKenzie, Grayson, for appellees.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which had affirmed in part and reversed in part a summary judgment of the circuit court.

The only issue here is the specific enforcement of an arbitration clause included in two contracts for the construction of sewer improvements in the City of Louisa. Both contracts were entered into after public advertisement for competitive bids.

■ This Court affirms the decision of the Court of Appeals in regard to the matter of venue. The city was properly sued in the county in which it was located. *Willis v. City of Corbin*, Ky.App., 572 S.W.2d 610 (1978).

This Court also affirms the Court of Appeals on the issue of arbitration and adopts the rationale and parts of the opinion of the Court of Appeals written by Judge Howerton and concurred in by Chief Judge Hayes and Judge Gudgel, as follows:

"In 1983, the City of Louisa entered into two contracts with the construction company for work to be performed for and within the city. Each contract contained the following provision concerning arbitration.

'All claims, disputes and other matters in question arising out of, or relating to, the CONTRACT DOCUMENTS or the breach thereof, except for claims which have been waived by the making and acceptance of final payment as provided by Section 20, may be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association. This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrators shall be final, and judgment may be entered upon it in any court having jurisdiction thereof.

'Notice of the demand for arbitration shall be filed in writing with the other party to the CONTRACT DOCUMENTS and with the American Arbitration Association, and a copy shall be filed with the ENGINEER. Demand for arbitration shall in no event be made after institution of legal proceedings based on any claim, dispute, or other matter in question which would be barred by the applicable statute of limitations.

'The CONTRACTOR will carry on the WORK and maintain the progress schedule during any arbitration proceedings unless otherwise mutually agreed in writing.

"Some problems arose concerning the work to be done and various change orders and extensions of time were requested. The city refused to comply with the requests, and the construction company served written notice of its demand to have the questions submitted to arbitration. The city refused to arbitrate, and the action

was filed in the Boyd Circuit Court. The construction company sought to arbitrate change orders, which would allow an extension of time and additional monies for such things as delays caused by power lines, unscheduled gas and water lines, additional manholes, and unforeseen and unanticipated geological problems. The construction company also sought to recover for a pump which was allegedly destroyed by employees or agents of the city, for various violations of contractual provisions and for liquidated damages as allowed by the contract.

"Arbitration is a generally accepted method for dispute resolution, and it has become more favorable in recent years. *Kodak Mining Co. v. Carrs Fork Corp.*, Ky., 669 S.W.2d 917 (1984). In looking at the contract as a whole, we determine that the contract means that arbitration is a permissible method for resolving impasses, if either party demands it. If neither party seeks to use arbitration, courts are always available.

"The construction company formally requested arbitration on February 9, 1984, and the disputes should have been resolved by arbitration as provided for in the contract. The company was entitled to specific performance.

"A question which was not raised prior to oral argument, but which we believe should be considered, is whether a municipal corporation can agree to arbitration as a method for resolving disputes. Cities may not delegate to private individuals legislative or discretionary functions assigned to it by the state legislature. 56 Am.Jur.2d *Municipal Corporations* Secs. 196, 197 (1971). Delegation of administrative powers is permissible, however. *City of Newport v. Gugel*, Ky., 342 S.W.2d 517 (1961). The problem is in determining what are legislative or discretionary functions as opposed to administrative functions.

"In *City of Covington v. Covington Lodge No. 1, Fraternal Order of Police*, Ky., 622 S.W.2d 221 (1981), the Kentucky

Supreme Court declared a contract between the city and the police union illegal because it contained a provision for binding arbitration. The contract involved wages, bonuses, vacations, insurance, holidays, leaves of absence, shift differentials, overtime and supplemental pay, seniority, transfer procedures, job classifications, health and safety measures, evaluation of personnel, procedures for staff reductions, uniform and clothing allowances, hospitalization, training, and grievance procedures. The agreement also contained a provision that if an impasse persisted for 20 days on any issue or issues, either party 'may' request arbitration 'which shall be binding.' *City of Covington, supra*, at 223. The court held that the statutes specifically placed the control of a police department under the legislative body of the city. The contract between the parties involved practically everything that constituted control of the police department. Such things as the size of the department, the salaries and cost for the department were items which had to be finally determined by the legislative body and could not be delegated to private individuals. The court also determined that there was no 'clear necessity' for the delegation of the authority as had been found permissible in *Miller v. Covington Development Authority*, Ky., 539 S.W.2d 1 (1976). The *City of Covington* opinion concluded at 223:

> We only decide that this particular agreement, with its binding arbitration clause, is an illegal delegation of legislative powers. We specifically reserve the question of the legality of arbitration agreements to settle future disputes.

"Although the result of the arbitration agreement in this case could result in a requirement that the city expend additional funds, the contract anticipated that some additional costs might be incurred and that the expenditures would be necessary for the satisfactory completion of the work to be done. If the company's requests are valid, they should be compensated, whether

by agreement between the parties, by the arbitration decision, or as a result of litigation in the Lawrence Circuit Court. The parties agreed that such disputes might be resolved by arbitration, and we do not view this as an unauthorized delegation of legislative authority. We find the circumstances in this case to be clearly distinguishable from those in *City of Covington, supra.* The legislative body exercised its duties in prescribing the work to be done, in approving the contract, and by designating the contractor to perform the work. The completion of the contract was primarily an administrative matter rather than a legislative matter. Construction work does not provide a situation where every question and issue can be resolved by returning to the legislative body, and the decisions are properly delegated to engineers and administrators. The time has come to recognize the legality and appropriateness of arbitration provisions by cities in such contracts.

"The judgment of the Lawrence Circuit Court is reversed, and this case is remanded with directions to enter a judgment in accordance with this opinion."

In regard to the use of the word "may" in the arbitration provision, it is the holding of this Court that the arbitration clause makes arbitration compulsory once either party demands it. The city argues that KRS 446.010, which is a statute concerning construction of other statutes, should be applied to determine the intent of the parties in these contracts.

▉▉▉▉ Any contract or agreement must be construed as a whole, giving effect to all parts and every word in it if possible. The legal interpretation of a contract should be made in such a way as to make the promises mutually binding on all parties unless such a construction is wholly negated by the language used. *See Association of Army & Navy Stores v. Young,* 296 Ky. 61, 176 S.W.2d 136 (1944). If we accepted the city's arguments, there would be no reason to have arbitration clauses in such contracts. If it is totally discretionary with either party to enter into arbitration, then there is no binding effect and consequently no contract. The arbitration clause itself provides that this agreement to arbitration shall be specifically enforceable under prevailing arbitration law. If arbitration required the absolute consent of both parties, then there would be no need for a filing of a demand for arbitration which both clauses require to be filed in writing.

A careful examination of the extensive contract document indicates that the proposed change orders are of such a nature as to be administrative and thus delegable rather than legislative in nature and therefore nondelegable. Both contracts contain identical sections regarding general conditions. In subsection 13 of these contract sections relative to changes in work or change orders, the language clearly relates to administrative functions.

*Carter v. Krueger & Son,* 175 Ky. 399, 194 S.W. 553 (1917), held that although the fiscal court could not submit to arbitration a claim growing out of an ultra vires contract, it could, unless disabled by positive law, submit a claim arising from a contract which it had original power to make. Consequently, a contractor's claim for damages and extra work resulted from a contract to build a courthouse was held validly submitted to arbitration where the contract provided for "extras" and where the county could have ordered the extras even though they were actually ordered by an unauthorized person.

A general discussion of the subject of compulsory arbitration may be found in 64 C.J.S. *Municipal Corporations* Sec. 2182. An extensive review of cases throughout the nation may also be found in the annotation "Power of Municipal Corporations to Submit to Arbitration." 20 A.L.R.3d 569.

Kentucky has not impaired the ability of municipal corporations to arbitrate contract disputes by statutes. The enactment of Chapter 417 in 1984 by the General Assembly reinforces the favorable treatment giv-

en to arbitration, excepting agreements between employers and employees and insurance contracts in this state.

The argument of the city regarding possible variances in contract terms and prices is unconvincing. All public contracts have terms and prices which are established through advertising and competitive bidding. Arbitration only applies these conditions to disputes arising under the final contract. In the event of any error, there is now a right of appeal under KRS 417.-220. If either party believes that any issue decided by the arbitration is not within the scope of the arbitration provision, they can seek redress in circuit court. Arbitration awards have to otherwise comply with the constitution and statutes of this state in conjunction with the clear terms of the disputed contract.

The argument of the city regarding the constitutionality of KRS Chapter 417 insofar as is applicable to municipal corporations is without merit. In order to be viable, the question raised should have been presented at the trial court. Moreover Civil Rule 24.03 requires service of notice on the Attorney General in the event the constitutionality is challenged. We consider the arguments without merit and as being improperly raised.

It is clear from the recent decisions of this Court, *City of Covington, supra,* and *Transit Authority of Lexington-Fayette Urban County Government v. Amalgamated Transit Union,* Ky., 698 S.W.2d 520 (1985), that two distinct lines of cases arise relative to arbitration. The contract questions which relate to administrative decisions are clearly subject to arbitration. A proposed agreement between a transit board and a labor union to submit to arbitration has been held invalid because the agreement gave the arbitrators power to make a contract on new matters as distinguished from the authority to make a factual determination in the application or interpretation of contractual provisions.

The decision of the Court of Appeals is affirmed.

All concur, except GANT, J., who did not sit.