[PHILADELPHIA, FEBRUARY 9, 1835.]

## LEWIS *against* BAKER.

### IN ERROR.

The inability of a witness to answer an improper question cures the error in allowing it to be put.

ERROR to the Common Pleas of Delaware County.

It was a feigned issue to try the validity of the will of *Azariah Lewis.*

On the trial of the cause in the court below, *Hannah Lewis,* wife of *Eli Lewis,* was asked if her husband had told her at any time of a conversation he had with *Robert Lewis,* the plaintiff, about the will. The witness replied that he did tell her of a conversation with *Robert Lewis.* Mr. *Tilghman,* counsel for the plaintiff, objected to the witness stating what the conversation was. The objection however was overruled by a majority of the court, and the evidence admitted, to which admission the plaintiff excepted, and the court sealed a bill of exceptions.

The witness proceeded to testify as to what her husband had said. He said " *Robert* and him had had one of their long talks, when he came home. The reply he made was, it was a little masonry, and not for women to know. He believed it was *Robert's* will they had been signing, and not uncle's. He did not tell me the conversation between him and *Robert*; nor I never knowed it, nor never asked him—not till since uncle's death. *Eli* told me that night, he would not for a twenty dollar bill have put his hand to that paper."

The plaintiff in error assigned for error,

1st. The majority of the Court of Common Pleas erred in allowing *Hannah Lewis* to testify and give in evidence the matters contained in the bill of exceptions.

2d. The general errors.

3d. The judgment below should have been entered in favour of the plaintiff.

*Tilghman,* for the plaintiff in error, cited 1 *Stark.* 152, 334. 3 *Stark.* 1692. 4 *Serg. & Rawle,* 499. 3 *Serg. & Rawle,* 269. 1 *Stark.* 148, 149.

*Kittera* contra, referred to 11 *Serg. & Rawle,* 362.

*J. R. Ingersoll* in reply, referred to 1 *Pow. on Dev.* 643. 1 *Phillips Ev.* 421. 2 *Caines,* 178. *Roscoe Ev.* 96. 1 *Phillips Ev.* 212, 230.

PER CURIAM.—The objection made at the trial was a specific one, and directed against the introduction of the supposed relation

*(Lewis v. Baker.)*

by the witness's husband, of the matter of a conversation had by him with the plaintiff about the will, and the objection being over-ruled, it came out that the witness had not been told what the conversation was.   Having said that her husband had told her '*of* a conversation with *Robert Lewis,*' Mr. *Tilghman* objected to the witness's stating *what that conversation was ;* being allowed to relate it, she said, "He *did not tell me* the conversation between him and *Robert,* nor I never know'd it, nor never asked him till since uncle's death."   Is not that the very case of *Allen* v. *Rostain,* 11 *Serg. &amp; Rawle,* 362, where it was held that the inability of a witness to answer an improper question, cured the error in allowing it to be put?   It is true the witness here, added other matters that were possibly inadmissible; but these were suffered to pass without exception, and they cannot be made the subject of error here.

, Judgment affirmed.