Case 88.—ACTION BY W. S. NOLAND AGAINST EDWARD
MILDENBERGER ON AN APPORTIONMENT WARRANT.
—Oct. 31.

# Noland, &c. v. Mildenberger.

Appeal from Kenton Circuit Court.
W. McD. SHAW, Circuit Judge.
Judgment for Defendant. Plaintiff appeals. Reversed.

Municipal Corporations—Public Improvements--Assessments—Under Ky. St. 1903, Sec. 3100, providing that no error in the proceedings of the general council of a city shall exempt from payment after the work is done as required by ordinance or contract, where a sewer was constructed according to contract, an abutting owner is not exempt from payment on account of any error of the council in leaving to the city engineer, the street committee, or the mayor, any matter which it should have determined itself, though he protested to the council against the construction of the sewer.

J. L. ELLISTON and HAZELRIGG & HAZELRIGG for appellants.

B. A. FRAZER for appellee.

OPINION BY CHIEF JUSTICE HOBSON—Reversing.

W. S. Noland & Co. built a stoneware pipe sewer in Pike street in Covington under a contract made pursuant to an ordinance of the general council. The work was accepted and the cost was apportioned to the property owners. The contractors then filed this suit

against Edward Mildenberger to enforce the apportionment against his property fronting on the street, and, the circuit court having dismissed their petition, they appeal.

By a general ordinance for the construction of stone ware pipe sewers, approved October 17, 1900, it was provided, among other things, as follows: (1) All sewers on streets running north and south shall be located on the west side of the street, and those on streets running east and west shall be located on the north side of the street, unless gas or water pipes have been previously located so as to interfere with such location. (2) The excavation shall be made in accordance with the profiles in the city engineer's office; the sides of the excavation shall be separated by suitable shoring and bracing wherever the city engineer shall direct. (3) Each pipe shall be laid on a firm bed and in perfect conformity with the line of levels given by the engineer. (4) Six-inch Y branches for house connections shall be built at intervals so as to form connections with all houses built along the line of sewer, and at such intersections as the city engineer and mayor may direct, to form connections with improvements to be built on vacant lots. (5) Manholes shall be constructed at such places on each sewer as the city engineer may direct, and at not a greater distance than 250 feet apart. (6) Catch basins or water inlets shall be constructed on the street corners or wherever the city engineer shall direct. The ordinance for the construction of the sewer in question directed that the work should be done in accordance with the specifications contained in the general ordinance above referred to under the direction and supervision of the mayor, city council, committee on sewers; the city engineer, and the superintendent of public works. It also provided that the sewer should be located on either side of the center of the street at any part of

the street that the city engineer or committee on sewers should direct. It ordered the construction of a vitrified stoneware pipe sewer along and under Pike street from the sewer line of Hinds to the end of Western avenue sewer at the junction of Western avenue and Pike street.

It is insisted for the property owner that the ordinance is invalid and that his property is not liable for the cost of the work because the pipe was dirceted to be laid in conformity with the line of levels given by the engineer. Y branches given for house connections were to be put in to form connections with improvements to be built on vacant lots at such intervals as the city engineer might direct, catch basins were to be constructed on the street corners or wherever the city engineer should direct, and manholes were to be put in at such places as the city engineer might direct, but not at a greater distance than 250 feet apart. It was also alleged that at the time the ordinance was adopted there were no profiles in the city engineer's office. It is insisted that the council delegated to the city engineer the power conferred upon it of determining the matters indicated. In support of this view we are referred to Hydes v. Joyes, 67 Ky. 464, 96 Am. Dec. 311, where an ordinance was held void which directed the sidewalk on Fulton street between Market and Water streets, or such portion of the sidewalk as the city engineer may direct, to be graded and paved. The ordinance in question determines definitely just what work shall be done and there is nothing in the record to show that, at the time the bids were made and the contract entered into, the profiles were not on file in the city engineer's office, or that the plans and specifications upon which the contract was made did not show all the matters referred to. If it did and the council approved the contract nothing would be

left to the discretion of the engineer. The general ordinance was necessarily drawn so as to leave the specifications in each particular case to the discretion of the engineer, for no general ordinance could regulate such matters as where the catch basins should be put in and the like. But aside from all this the property owner stood by and the work has been constructed. If he had complained of the construction of. the work before the work was done on the grounds insisted upon a very different question would be presented from that which is now before us.

Section 3100 Ky. St. 1903, provides: "No error in the proceedings of the general council shall exempt from payment, after the work has been done, as required by either the ordinance or contract; but the general council or the courts in which suits may be pending, shall make all corrections, rules and orders to do justice to all parties concerned." There is no complaint that the work in this case was not done according to the contract, and, under the mandate of the statute that no error in the proceedings of the general council shall exempt from payment after the work has been done as required by either the ordinance or contract, the circuit court should have sustained the demurrer to the answer of the defendant Mildenberger. Under the statute the court has power to make all corrections and orders necessary to do justice to all parties concerned. It is not shown that Mildenberger has been prejudiced in any way by the matters complained of. If there was any error of the council in leaving to the city engineer, the street committee, or the mayor any matter which it should have determined itself, this was an error in the proceedings of the general council, and, under the statute, does not exempt the property from liability after the work is done. When the case of Hydes v. Joyes above referred to was decided no such statute was in

force. The fact that the defendant protested to the council against the construction of the sewer is, under the statute, no defense after the work has been done pursuant to the contract.

Judgment reversed, and cause remanded for further proceedings consistent herewith.