## Philpot v. Town of Tompkinsville, Ky.

(Decided May 23, 1912.)

### Appeal from Monroe Circuit Court.

1. **Municipal Corporations—Fixing Grade of Street—When Liable to Property Owner.**—Until the town fixes the grade of a street, it may cut the street down without liability to the property owner, but if it changes the grade after it is fixed it will be liable.

2. **Municipal Corporations—Streets—Presumption as to Grade.**—In a town of 400 or 500 people where the street is simply at the natural surface of the land, it will not be presumed that the grade of the street has been fixed, though the town was established in 1817 and its records prior to 1897 were destroyed.

LEWIS McQUOWN for appellant.

BAIRD & RICHARDSON and SHERMAN SPEAR for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

Bud Philpot owns a house and lot in the town of Tompkinsville, Ky. He brought this suit against the town to recover damages to his property on account of the cutting down of the street in front of his property; at the conclusion of the evidence for him the court instructed the jury peremptorily to find for the defendant. His action having been dismissed he appeals.

The proof on the trial showed these facts: The town marshal, who was also the street commissioner, was verbally directed by the trustees to repair the streets. He employed some hands and with these cut down the street in front of Philpot's house about two and a half feet, the dirt which was taken out being used to fill a low place in the street nearby. After he had done the work the cost was reported to the town council, and the trus-

tees paid for it out of the public funds. This is all the town records show in regard to the matter.

About the year 1887, under the direction of the trustees, a lot of brick-bats were hauled and put in the street; a ditch was dug on either side and the dirt thrown on the brick bats. This made it a very good road for the time being, but no other work seems to have been done on it until that above referred to. The town was incorporated in 1817 and so far as appears the trustees had never taken any action fixing the grade of the street. The records of the trustees, previous to 1897, were burned in a fire some years ago and only the records since that time are now in existence. The work done by the town marshal was simply the lowering of the street from the natural surface in order to obtain a better grade. The rule is that a city may establish the grade of a street and that damages resulting from the establishment of the grade are presumed to be within the contemplation of the parties, when the land is dedicated, so that no recovery can be had therefor against the city. (City of Owensboro v. Hope, 128 Ky., 524; City of Owensboro v. Singleton, 111 S. W., 284.) We do not find in the evidence that the town had ever established a grade of the street and all the circumstances shown by the proof would indicate that the grade of the street had never been fixed by the town; it is a place of only four or five hundred people. The work that was done on the street in 1887 was not a fixing of the grade; it was only a repair of the highway, and although the town may have repaired the highway from time to time it had the right to fix the grade once for all; and, while it might be presumed under some circumstances from the great lapse of time, that the grade of the street had been fixed by the municipal authorities, we do not think that presumption should be applied, in a town of this sort where all the circumstances point to the fact that the street had simply been left as it was by nature.

Judgment affirmed.