## Gernert v. City of Louisville

(Decided October 30, 1913).

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Fourth Division).

1. Municipal Corporaions—Streets—Adjacent Property—Annexation of Territory.—A city is not liable to the owner of adjacent property for damages from the original establishment of the grade of a street, which was a county highway constructed on a different grade, before the territory was taken into the city by an extension of its boundaries.

AUGUSTUS E. WILLSON, RICHARD PRIEST DIETZMAN for appellant.

LEON P. LEWIS , PENDLETON BECKLEY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

Louise Gernert has owned since March, 1899, a tract of land on the Bardstown Road; prior to June, 1908, the property was located outside of the corporate limits of the city of Louisville, but the city boundary has been extended, and the property has since then been in the city limits. More than twenty years before that time, the Bardstown Road was a public highway of Jefferson County under the supervision and control of the fiscal court, and had been graded and macadamized as a county highway by the agents of the fiscal court, the road having been constructed according to the grade fixed by the fiscal court. After the city limits were extended so as to include the property, the city of Louisville converted the Bardstown Road at that point from a macadamized highway into an asphalt street; and in the construction of the street raised the grade of the road in front of her property from three to six feet. She brought this suit against the city alleging the above facts, and also alleging that by reason of the change of

the grade of the street her property had been greatly damaged in that the salable value of the property has thereby been decreased. The city demurred to the petition; the circuit court sustained the demurrer, and she declining to plead further, dismissed the action. She appeals.

The ground on which the circuit court sustained the demurrer to the petition was that when the city established for the first time the grade of the street, it was not liable for damages done the property by reason of the establishment of the grade of the street. In City of Owensboro v. Hope, 128 Ky., 524, it was held that a lot owner is not entitled to recover from a city for consequential damages to a lot adjacent to a street because of the establishment of the original grade of the street, when not done negligently. That case was followed in City of Owensboro v. Singleton, 111 S. W., 284, and Philpot v. Town of Tompkinsville, 148 Ky., 511. But it is insisted that these cases do not control here, because they rest upon the ground that where a street is dedicated or acquired by condemnation, it is implied that it may be graded so far as necessary to fit it for the intended purposes, and that it must be presumed that the injury to the property from the grading was considered at the time the right of way was acquired either by the dedicator or by the jury in fixing the damages. It is insisted that the grade of the highway having been fixed once by the fiscal court, it could not thereafter be changed by the county authorities without compensating the owner for such incidental damages as she sustained (Layman v. Beeler, 113 Ky., 113; Moore v. Lawrence Co., 143 Ky., 450); and that the city having succeeded to the rights of the county is equally without power to change the grade of the street without compensating the owner for the damages sustained. But the mistake in this argument is in assuming that the city simply succeeds to the rights of the county. The city derives its power from the Commonwealth, and it is not limited to the rights possessed by the county. While it is true that the precise reason assigned for the decision in City of Owensboro v. Hope does not apply here; similar principles do apply.

The Legislature of the State has power to define what shall be urban property and what shall be county property. It has the power to define the limits of the cities and towns of the Commonwealth. All persons hold

their property subject to this power of the Legislature to include it within the boundary of a city, when the public necessity so requires. City property is subject to burdens and enjoys benefits not possessed by country property. The including in a city of property which has theretofore been without the city, is the act of the State. When property is thus included in a city, it stands just as any other property within the city. The public highway becomes *ipso facto* a street of the city. (City of Louisville v. Hall, 91 S. W., 1133.) The construction of a street upon such a highway is not a reconstruction of it, but an original construction, and the property owner is liable for the cost. (McHenry v. Selvage, 99 Ky., 232; Sparks v. Barber Asphalt Paving Co., 129 Ky., 769.) The construction of the street is one of the incidents to the including of the property within the city limits, and is one of the burdens which the State places upon the city in establishing its boundaries so as to include the property. The city does not succeed merely to the rights of the county in the highway, but it holds the highway under the authority of the State just as it holds any other street, and with all the powers over it and rights in it which it may exercise as to its other streets. (Board of Council of Danville v. Fiscal Court of Boyle Co., 106 Ky., 608.)

All purchasers of suburban property in the vicinity of a growing city purchase with the knowledge that as the city grows, the property may be taken into the city. The increased price which the property will then bring is often the inducement for the purchase. Country property is sold by the acre; city property by the front foot. They also know there are burdens which city property must bear, but which are not borne by country property. One of these burdens is the cost of converting the country highway into a city street. They cannot complain that this cost is assessed against their property, although it would have been exempt from such a charge had it not been taken into the city. The fixing of the grade is a necessary incident to the proper construction of the street, and they can no more complain of the grade being fixed than of the street being constructed. Both are necessarily incidental to the conversion of the property from country property into city property. As all property is held subject to the police powers of the State to include it in a city when the public good so requires, no owner has ground of complaint that his prop-

erty is properly taken into the city, and he must take the benefits with the burdens. The burdens of the grading of the street rests on the same ground as the burden of constructing the street, and he can no more recover damages of the city for one than the other.

One who buys property in the vicinity of a city adjacent to a highway must know that if the land is taken in the city the highway will become *ipso facto* a city street; and he must know that when it becomes a part of the street system of the city, it must be given a grade to conform with the other streets and the necessities of city travel. He buys his property with notice that these things may be done. When the land covered by the highway was dedicated as a county highway, it was so dedicated with the knowledge that if the highway was taken into the city it would become a city street and be subject to all the incidents of any other street. No new servitude has therefore been imposed. All that has happened was within the reasonable contemplation of the parties when their rights were acquired. The city is therefore not liable to appellee for establishing the grade of the street. There is no charge that the work was done negligently. In City of Henderson v. McClain, 102 Ky., 408, the court expressly reserved the question whether damages could be recovered upon the original establishment of the grade of a street, that question not being presented by the record. In City of Louisville v. Hegan, 20 R., 1532, the facts were similar to City of Henderson v. McClain, and the ruling in that case was followed. In McHenry v. Selvage, 98 Ky., 232, the question was not presented by the record or before the court.

Judgment affirmed.