## Town of Hardinsburg v. Mercer.

(Decided December 12, 1916.)

### Appeal from Breckinridge Circuit Court.

1. Municipal Corporations—Cities of the Sixth Class—Public Improve-
ments—Sidewalks—Establishment of Grade.—The power to order

a sidewalk improvement carries with it as a necessary incident the additional power, not only to prescribe the length, width and material of the proposed sidewalk, but all other specifications, including the grade thereon.

2. Municipal Corporations—Public Improvements—Sidewalks—Delegation of Power of Municipality.—The establishment of the grade of a proposed sidewalk is a legislative question, and cannot be delegated by a municipality to the county surveyor or to any other person.

3. Municipal Corporations—Public Improvements—Sidewalks—Validity of Assessment—Delegation of Power of Municipality—Effect. —The delegation by the board of trustees of a city of the sixth class to a county surveyor of the power to fix the grade for a proposed sidewalk is fatal to a recovery on the apportionment warrant, where the grade fixed by him is different from the existing grade and the property owner does not consent to the grade so fixed.

4. Evidence—Council Proceedings—Official Records and Documents —Parol Evidence—Admissibility.—Since Kentucky Statutes, section 3682, provides for the appointment of a city clerk in cities of the sixth class, and section 3684 requires said clerk to keep a true and full record of all the proceedings of the board of trustees, parol evidence is inadmissible to supply omissions from the record.

5. Municipal Corporations—Public Improvements — Sidewalks — Assessment—Action—Set-off and Counterclaim.—A property owner cannot, in an action by a municipality to enforce a lien for payment of an apportionment warrant for sidewalk or other street improvement, assert a counterclaim or set-off against it.

DAVID R. MURRAY for appellant.

CLAUDE MERCER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

The town of Hardinsburg brought this suit against N. McC. Mercer to collect a sidewalk assessment. The defendant not only resisted the assessment, but pleaded a counter-claim for injury to his property. On final hearing both the petition and counter-claim were dismissed. The town appeals and the defendant prosecutes a cross-appeal.

The board of trustees of cities of the sixth class is empowered to construct or reconstruct sidewalks and assess the abutting property for the cost thereof. Section 3706, Kentucky Statutes. Pursuant to this authority, the board of trustees of the town of Hardinsburg passed an ordinance on July 7th, 1910, ordering the construction of

certain sidewalks, including the sidewalk in front of the property of the defendant. The ordinance provided that the walks shall be laid "according to grade established by town board of trustees." At the same meeting it was ordered that a surveyor establish the grade for the proposed sidewalks. H. R. Woerner, who was then county surveyor, was employed by the board of trustees to fix the grade. He made a survey and set stakes indicating the grades. There was oral evidence tending to show that the grades fixed by the surveyor were reported to the board of trustees and approved by resolution of the board. The minutes of the board fail to show any order or resolution accepting, approving or fixing the grades established by the surveyor. The grade established by the surveyor in front of defendant's property was several inches higher than the grade of the old sidewalk. The defendant protested against the grade. While he was absent from the city, the sidewalk was constructed.

1. While the statutes authorizing sidewalk improvements in municipalities of the sixth class do not in terms provide that the board of trustees shall fix the grade, the only power which such municipalities have is that conferred upon the board of trustees. The power to order the improvement carries with it as a necessary incident the additional power, not only to prescribe the length, width and material of the proposed sidewalk, but all other specifications, including the grade thereof. Redersheimer v. Bruning, 36 Sou. 990; Elliott on Roads and Streets (2nd Ed.), section 461, page 473; also see section 579, pages 604 and 605; O'Leary v. Sloo, 7 La. Ann. 25; Burgess v. City, 21 La. Ann. 143; Lincoln St. Ry. Co. v. City of Lincoln (Neb.), 84 N. W. 802; Schenley v. Commonwealth, 36 Pa. 29, 78 Am. Dec. 359; Dean v. Borchsenius, 30 Wis. 236; Williams v. City of Detroit, 2 Mich. 560; State v. City Council of Elizabeth, 30 N. J. Law 365; Dashiell v. Mayor and City Council of Baltimore, 45 Md. 615. Indeed, there is no more important feature connected with street improvements than the grade. One grade may be proper and economical, while another may be injurious and wasteful. For this reason, we have frequently written that the establishment of the grade for sidewalk or other street improvements is a legislative act involving the exercise of discretion, and cannot be delegated to the city engineer or to any other person; and that the failure of the council or other legisla-

tive body to fix the grade is fatal in an action to enforce the statutory lien for the cost of such improvement. Hydes & Goose v. Joyes, 4 Bush 464; Richardson v. Nehler, 111 Ky. 408, 63 S. W. 957; Board of Councilmen of Frankfort v. Murray, 99 Ky. 422, 36 S. W. 180; Zable v. Louisville Baptist Orphans' Home, 92 Ky. 89, 17 S. W. 212; Frantz v. Jacob, 88 Ky. 525, 11 S. W. 654; Nevin v. Roach, 86 Ky. 492, 5 S. W. 546; City of Henderson v. Lambert, 14 Bush 24; Murray v. Tucker, 10 Bush 240; City of Covington v. Boyle, 6 Bush 204; Harris v. Zable, 5 R. 114; City of Augusta v. McKibben, 22 R. 1224, 60 S. W. 291; Noland v. Mildenberger, 29 R. 1179, 97 S. W. 24; Lowery v. City of Lexington, 116 Ky. 157, 75 S. W. 202; Tilford v. Belknap, 126 Ky. 244, 103 S. W. 289; City of Lexington v. Walby, 23 R. 116, 109 S. W. 299. But it is contended for plaintiff that the grade fixed by the surveyor was approved by a resolution of the board of trustees which cannot now be found. The only proof of this contention is oral evidence to the effect that the surveyor reported his action to the board of trustees and that the board of trustees passed the resolution. The records of the board fail to show any such resolution. The approval of the grade fixed by the surveyor required action by the trustees as a body and not as individuals. The charter of cities of the sixth class provides for the appointment of a clerk. Kentucky Statutes, section 3682. It is made the duty of the clerk "to keep a full, true record of all the proceedings of the board of trustees." Kentucky Statutes, section 3684. Under such circumstances, the board can speak only through its records, and parol evidence is inadmissible to supply omissions from the record. Spalding, et al. v. City of Lebanon, 156 Ky. 37, 160 S. W. 751; Dunn v. City of Cadiz, 140 Ky. 217, 130 S. W. 1089; City of Covington v. Ludlow, 1 Met. 295; L. St. L. & T. R. R. Co. v. Newsome, 13 R. 174; Barfield v. Gleason, 111 Ky. 491; Town of Mt. Pleasant v. Eversole, 29 R. 830, 96 S. W. 478; McQuillin's Municipal Ordinances, section 129. Under the circumstances, we cannot apply the rule announced in the case of City of Olive Hill v. Tabor, 143 Ky. 336, 136 S. W. 649. There it was held that the failure to fix the grade in the ordinance ordering the improvement did not render the ordinance invalid, the presumption being that the grade should be the same as the existing grade. It was further held that where the property owner consents to the grade on which

665

the sidewalk is built, he cannot thereafter complain of the grade. Here the county surveyor was authorized to establish the grade. The grade which he established was different from the existing grade. The board of trustees did not adopt or approve the grade so established. The property owner did not consent to the grade. On the contrary, he protested against it. In such a case, the delegation of the power to the county surveyor to fix the grade is fatal to a recovery in a suit on the assessment.

2. On the cross-appeal it is insisted that the trial court erred in not finding for defendant on his counterclaim for injury to his property growing out of the construction of the sidewalk. The counter-claim was properly rejected, for it has been held that the property owner cannot, in an action by a municipality to enforce a lien for payment of an apportionment warrant for a street improvement, assert a counter-claim or set-off against it. Bayes, et al. v. Town of Paintsville, 166 Ky. 679, 179 S. W. 623.

The judgment is affirmed both on the original and cross-appeals.