## City of Earlington v. Newton.

(Decided June 25, 1926.)

### Appeal from Hopkins Circuit Court.

1. Municipal Corporations.—City may without liability to abutting owners establish original grade of street, although grade so fixed is dfferent from natural grade.

2. Muncipal Corporations—Repair Work Held Not Fixing of Grade, Rendering City Liable for Damages to Abutting Owner by Change in Grade of Street.—Repair work to keep street passable until such time as city should be ready to construct it held not a fixing of grade of street, making city liable to abutting owner for change in grade on making improvement; it being immaterial that city had fixed grade for sidewalks on such street.

GORDON, GORDON & MOORE for appellant.

C. J. WADDILL for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

In 1922, appellant constructed and improved with an asphalt surface, certain streets within its corporate limits, among which was West Main street. Appellee's property, which he had acquired in 1908, abutted on this street where it was thus improved. In the course of this improvement, appellant lowered the grade of West Main street some three or four feet from the grade which had prevailed prior to the improvement. Appellee's property was about three feet above the level of the street before its improvement, so that by this lowering of the grade it was left over six feet above the level of the asphalt surface of the street. Appellee thereupon brought suit against the appellant, alleging that the lowering of the grade of the street as above set out had materially damaged his property. On the trial, he secured a verdict for $1,000.00, and to reverse the judgment entered on that verdict appellant brings this appeal.

The main ground relied upon for a reversal is that the appellant was entitled to a peremptory instruction, its theory being that the lowering of the grade of West Main street here was the original fixing by the city of the grade of that street. Under many decisions of this court, it is well settled that a city may, without liability to the abutting property owners, establish an original grade of a street although the grade so fixed is different from the natural grade. Gernert v. City of Louisville, 155 Ky. 589, 159 S. W. 1163; Philpot v. Town of Tompkinsville, 148 Ky. 511, 146 S. W. 1093. Appellee admits the rule to be as stated, but insists that the evidence in this case shows that the appellant had long before the improvement of West Main street in 1922, fixed the grade of that street and that hence the lowering of the grade in this year was a change of grade and not an original fixing of the grade. The facts on which appellee relies are these: West Main street is, and has for many years been, an important artery of the appellant, connecting it with many towns in the county and leading from the main portion of the town out to a brick works and possibly other industries. At the time appellee bought his property, the principal industry in Earlington was the St. Bernard Mining Company. This company did many things for the town to make it a more attractive place in which to live and get about. Among other things, it did a good deal of work on the streets, including West Main street. So far as this latter street is concerned, the work which was done either by the city or the mining company consisted of crowning the road with a ditcher, placing thereupon some slack from the mines and putting on top of this slack a limestone spread. The grade of the road was that of the natural surface except to the extent that it had been worn down by travel. It is probable that the work was done in many instances under the supervision of the mining company's engineer. At times, the company would present a bill to the city for the cost of the limestone used and the city would pay it. But nowhere in the records of the city does it appear that the city by ordinance or resolution fixed the grade of West Main street or employed or paid for any city engineer prior to the 1922 improvement. When the appellee bought his property, he constructed a sidewalk in front of it on the grade of the natural surface of the ground. His neighbors across the street also constructed their sidewalks,

and some of them say that they did so on the grade given them by the "city engineer." The record establishes that this city engineer was not one employed or appointed by the city, but the engineer of the mining company under whose supervision and direction a great deal of the street work which that company was doing was performed.

Do these facts establish the proposition that the appellant had, prior to the 1922 improvement, fixed the grade of West Main street? We think not. In the Philpot case, *supra,* it appears that, many years prior to the construction of the street therein complained of, the trustees of the town had hauled and put on that street a lot of brickbats, had dug a ditch on either side of the road and thrown the dirt on top of the brickbats. Thus they made a pretty good road. The records of the town failed to show that the trustees had taken any action fixing the grade of the street. After stating the general rule regarding the liability of a city for the fixing of the grade of the street, this court said:

> "The work that was done on the street in 1887 was not a fixing of the grade, it was only a repair of the highway, and, although the town may have repaired the highway from time to time, it had the right to fix the grade once for all."

It was held that the town of Tompkinsville was not liable. This Philpot case is quite applicable to the facts in this case. Here the official records of the appellant show that the grade of West Main street had not been formally established prior to the 1922 improvement. All that was done from which appellee seeks to establish that a grade was fixed by implication, was the repair of the natural surface of the highway in order that it might be passable. The highway was ditched and crowned and a covering material put upon it so that the traveler could get over it in wet weather. If this must be construed as a fixing of the grade a city then must necessarily leave its outlying streets quagmires until it is ready to finally construct them and may not do such work upon them by way of repairs to make them passable in the meantime for fear that such action on its part will be held to be a fixing of the grade. Such a rule would work too much hardship on the public without any real compensating advantage. Knowing that the city has the right to fix the grade once, and knowing that mere repairing of the natural surface of the highway is not a fixing of the grade,

the property owner, present or prospective, may govern his conduct accordingly. Nor do we think that the fact that some of appellee's neighbors built their sidewalks on a grade fixed by the "city engineer," as they say, adds any strength to appellee's case, even if we concede that the mining company's engineer was the city engineer, for the grade of a sidewalk does not necessarily have to coincide with the grade of the roadway of the street. In most cases, the grades are on different levels and many times there is a big difference between the two levels. Therefore, even if we concede that the city had fixed the grade for the sidewalks, it does not follow that it therefore fixed the grade for the roadway of the street.

We are therefore of the opinion that the evidence wholly fails to establish that the appellant had ever prior to the 1922 improvement fixed the grade of West Main street, and that such work as it did on that street prior thereto was simply repair work to keep the road passable until such time as the city should be ready to construct it.

Some contention is made by appellee with reference to the pleadings, but, taking them as a whole, we are of opinion that they adequately presented appellant's theory of this case.

From the foregoing, it results that the lower court erred in not sustaining the appellant's motion for a peremptory instruction, and for that reason the judgment is reversed, with instructions to grant appellant a new trial consistent with this opinion. The question as to the excessiveness of the verdict is reserved.