## City of Somerset v. Carver.

(Decided October 28, 1927.)

### Appeal from Pulaski Circuit Court.

1. **Municipal Corporations.**—Successive repair work done on that part of a street adjacent to an abutting owner's, plaintiff's, property and other places along the street's surface, consisting chiefly of

filling holes with crushed rock or other substances, held not a fixing of a street grade so as to render the city liable to the abutting owner for damages caused by subsequent grade change.

2. Municipal Corporations.—Where a city, by ordinance, establishes a sidewalk grade and sidewalks are constructed in accordance therewith, the city's act does not constitute establishment of a street grade, so as to render the city liable to an abutting owner for a subsequent change of grade.

3. Municipal Corporations.—Where an abutting owner suffered injury to his property through the city's changing the natural street grade, held, that the city was not liable in damages therefor, since the grade so established was an original one.

W. O. HAYS for appellant.

GLADSTONE WESLEY and ELBERT WESLEY for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The city of Somerset is a town of the fourth class, and College street therein runs north and south and has been a traveled way for more than 75 years. The appellee and plaintiff below, C. J. P. Carver, owns a lot on the west side of that street upon which is a residence building in which he resides. The surface of the ground, including that of the street, is up grade both ways from his lot, it being located in a low place through which runs a natural drain. In 1925 the city, by ordinance duly enacted, provided for the improvement of the surface of College street, including that portion in front of plaintiff's lot, and the improvement was constructed according to a grade prescribed in the ordinance, and which brought the surface of the street immediately adjacent to plaintiff's lot some 18 or 20 inches above its natural surface. In 1904 the city, by ordinance, provided for the construction of sidewalks along College street and immediately in front of all abutting property. That ordinance fixed the grade of the sidewalks then proposed to be and which were constructed. The engineer at that time, in fixing the grade of the sidewalk in front of plaintiff's lot, did so on a level of between 15 or 20 inches higher than it was actually constructed. The then owner of plaintiff's lot, and adjacent ones on the same side of the street, objected to the elevation of the sidewalk above the surface of their lots and the city authorities were prevailed upon to construct the walk on a level with the surface of the lots. So that; when it came to improving the street under the 1925 project its western surface, in

order to level it from side to side, was elevated above the walk which was constructed in 1904 to the distance hereinbefore mentioned, and in order to hold the surface of the street, as so constructed, a concrete wall was built on that side of the street in front of plaintiff's lot, the top of which was from 15 to about 24 inches in some places higher than his lot.

The city authorities proposed to construct that wall in making the 1925 improvements some distance out in the street from the walk, but plaintiff objected to it, and he finally prevailed upon the city to construct it along the outer edge of the walk which was done, but a gap for a driveway in the curb of the wall at the southern edge of plaintiff's lot was made so as to reduce the elevation at that place from 10 to 12 inches above the walk. After the street was constructed, as thus bounded by the concrete wall on the west in front of plaintiff's lot, he filed this action in the Pulaski circuit court against the city to recover damages to his property, produced, as he alleged, by impairing his means of ingress and egress and likewise marring the beauty and attractiveness of his residence. The answer denied the material averments of the petition, and upon trial before a jury it returned a verdict in favor of plaintiff in the sum of $400. The motion of the city (to which we shall hereafter refer as defendant) for a new trial was overruled, and from the judgment pronounced on the verdict defendant has filed a copy of the transcript in this court with a motion for an appeal. A number of grounds are set out in the motion for the new trial and argued here as reasons for reversing the judgment, but our conclusions stated below render it unnecessary to discuss or determine all of them.

It is conclusively shown by the record that no grade for the improvement of College street was ever adopted by the city by ordinance or resolution prior to 1925 when the improvement complained of was projected. Plaintiff seeks to show that, although there may not have been a prior established grade so adopted by the city, yet one was actually established by successive repair work done to the street at that and other places along its surface, consisting chiefly of filling holes produced by travel with crushed rock or other hard substances. Conceding, for the purposes of this case, that a grade could be established by a city otherwise than by ordinance or resolution (but which is not herein so determined), the facts with reference to such repairs from time to time are shown

to be sufficient for that purpose. There was always a "swag" or exceedingly low place in the street in front of plaintiff's property, and its surface declined from its east edge to the west one towards plaintiff's lot and the old traveled way from the time the passway was established as a county road ran along the eastern edge of the street with considerable decline to plaintiff's lot. The evidence is slightly conflicting as to whether the 1925 improvement brought the surface of the western portion of the street any higher than the surface of the old traveled way on its eastern side. The preponderance of the proof is to the effect that the entire width of the street in front of plaintiff's property after the 1925 construction was from 2 to 4 inches lower than the prior traveled way on the eastern edge of the street, while some witnesses for plaintiff testified that the entire surface of the street in front of his house was elevated 3 or 4 inches.

It is also contended by plaintiff that the ordinance for the construction of the sidewalks, enacted in 1904, established the grade of the street, but he is clearly mistaken in this contention, since that ordinance related exclusively to *sidewalks*; and if the grade of the sidewalk in front of plaintiff's property had been fixed at that time as it was actually constructed it would not have the effect of establishing the grade of the street, as was expressly held by us in the recent case of City of Earlington v. Newton, 215 Ky. 445, 285 S. W. 196. But were it otherwise, then the walk in front of plaintiff's property that was constructed at that time did not conform to the grade fixed for it by the ordinance ordering the work to be done. That grade, as we have hereinbefore pointed out, elevated the walk then to be constructed practically to a level with the surface of the street as it was constructed under the 1925 improvement. It is true that the pleadings of defendant speak of a prior establishing of the grade of the street, but that averment was denied by plaintiff in his reply, thus presenting sharply the issue as to whether there had ever been an established grade of the street by the city prior to the 1925 improvement. The pertinency of that issue is seen when it is remembered that a city is not liable to an abutting owner for consequential damages to his property for the improvement of the street under an original grade, as was also held by us in the City of Earlington case, supra, and the prior ones of Gernert v. City of Louisville, 155 Ky. 589, 159 S. W. 1163, and Philpot v. Town of Tompkinsville,

148 Ky. 511, 146 S. W. 1093. That being the rule, the question of a former fixing of the grade by the city of College street in front of plaintiff's property was highly material. If such grade had been validly established prior to the undertaking of the 1925 improvement, then the defendant had no right to change it without corresponding liability to the abutting property owner for any damages he might sustain by the change of such prior fixed grade; but, if the grade had not theretofore been fixed by the city, it could do so for the first time, and under the rule as announced such original fixing of the grade would not entail liability on the city for consequential damages to abutting owners. Since there was no established grade of College street in front of plaintiff's property before the 1925 improvement either by ordinance or other manner (if, indeed, any other method could be employed for the purpose), it results that defendant is not liable for consequential damages to plaintiff's abutting property resulting from the complained of grade and the improvement conforming thereto projected and carried out under the 1925 ordinance.

All the questions presented upon the phases of the case discussed up to this point were likewise presented and disposed of by us in the City of Earlington case, supra. There, the street had been repaired from time to time, and it was contended that such long-continued supervision had the effect of fixing a grade corresponding with the surface continuously maintained by such repairs. It was held therein that such facts could not be accepted as establishing a grade, and we also therein found that:

> "Nowhere in the records of the city does it appear that the city by ordinance or resolutions fixed the grade of West Main street or employed or paid for any city engineer prior to the 1922 improvement."

It was also insisted in that case, as it is in this, that the construction of the sidewalk prior to the improvement of the street complained of was the establishing of a grade for the street to correspond with that of the sidewalk, but the opinion in that case denied such effect as so contended for, and it is unnecessary to repeat herein the discussion therein made in arriving at such conclusions. It is sufficient to refer to that opinion for the reasoning by which they were reached.

Under the facts as thus developed by the record, this case is practically on all fours with our opinion in the City of Earlington case, and, unless we should recede from the conclusions therein reached, defendant's motion for a peremptory instruction should have prevailed. We have no inclination to depart from the principles announced in that case and others referred to therein. The issue of the establishment of a grade of College street prior to 1925 was, as we have stated, one made by the pleadings in the case, and evidence was directed to that issue, all of which showed that, under the principles announced in the City of Earlington case, no grade was ever established before the undertaking of the 1925 improvement, and that fact was and is determinative of this litigation, regardless of the method by which that issue was formed by the pleadings.

Wherefore the motion for the appeal is sustained, and the appeal is granted, and the judgment is reversed with directions that, if the testimony on another trial should be substantially the same as on this one, the court will sustain defendant's motion for a peremptory instruction in its favor.