# Floyd County v. Malone et al.

(Decided May 6, 1932.)

JOE P. TACKETT for appellant.

J. C. HOPKINS and ED HILL, JR., for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellees, W. A. Malone and Alta B. Malone, own a corner lot in Allen, Floyd county, Ky., fronting on Beaver avenue and Front street. Allen is a city of the sixth class. Each of the streets on which the lot fronts is a part of a state highway project No. 80. In 1928 the state highway commission entered into a contract with the Hart-Blair construction company for the construction of a portion of state highway No. 80, including that portion of the highway extending through the city of Allen. Under the plans and specifications under which the contract was performed it was necessary to raise the grade of Beaver avenue and Front street in front of appellees' property from two to six feet in some places higher than the lot. After the work was completed appellees brought this suit against Floyd county to recover damages in the sum of $3,000. It was alleged in the petition that the property had been damaged and depreciated in value by reason of the grade of the streets in front of it having been raised. On the trial of the case the appellees recovered a judgment for $550, and the county has appealed.

The principal ground relied upon by the appellant for a reversal of the judgment is the alleged error of the court in refusing to sustain its motion for a directed verdict. It contends that it was entitled to a peremptory instruction to find for it, since the evidence disclosed that the city of Allen had never established the grade of the streets in question, and that the work done in constructing the state highway under plans and specifications prepared by the state highway commission constituted the establishment of the original grade of the streets. The appellees contend that the rule that a municipality is not liable to the owner of abutting property for damages caused by the establishment of the original grade of a street has no application here since the appellant arbitrarily entered upon the streets of the city, and appropriated them to its use for the purpose of enabling the state highway commission to construct a portion of state highway No. 80, and the municipal authorities neither established nor approved the grade upon which the work was done.

The evidence shows that the city had never established a grade for the streets in question. Some repair work had been done on these streets from time to time, but this does not constitute the establishment of an original grade. City of Prestonsburg v. Hubbard, 224 Ky. 326, 6 S. W. (2d) 277; City of Somerset v. Carver, 221 Ky. 552, 299 S. W. 191; City of Earlington v. Newton, 215 Ky. 445, 285 S. W. 196.

Section 4356t-8, Kentucky Statutes, provides that, when any primary road passes through a city of the fifth or sixth class, the cost thereof shall be paid as the cost of such road constructed outside of such city, if the road is the same type as that portion of the road outside the city. If it is necessary to construct the road through the city at a greater cost than is paid for the construction of a like lineal mileage outside the city, the city must pay the additional cost of construction, and the details shall be agreed upon between the city and the state highway commission. If no agreement is made, the road through the city must be constructed of the same type, and cost as nearly as possible as that constructed outside the corporate limits of the city. This statute further makes it compulsory upon the state highway commission to complete gaps through cities of the fifth and sixth class not later than January 1, 1934, where primary roads have

been constructed on each side of such cities to or within one-half mile of their corporate limits.

Here the road through the city of Allen was of the same type as was the road constructed outside the corporate limits of the city. An agreement between the city and the state highway commission relative to the construction of the road through the city was therefore unnecessary. The state, under the statute heretofore referred to, was required to pay the entire cost of construction, and in constructing the road it acquired all the rights relative to establishing the grades of the streets that the city would have had if it had undertaken the original construction of the same streets.

In White v. City of Williamsburg, 213 Ky. 90, 280 S. W. 486, 488, a street within the corporate limits of Williamsburg, which had become a part of the primary system of state highways, was jointly constructed by the state and the city under a contract in accord with the provisions of section 4356t-8. It was held that the part of the cost of construction to be borne by the municipality could be assessed against the owners of abutting property. In that case it was said:

"Section 4356t-8, supra, providing for the construction of any of the streets of the municipalities of this commonwealth which have become a part of the primary system of state highways under contract between the governing authorities of such municipalities and the state highway commission must now be read in connection with all statutes relating to the authority of municipalities to construct their streets and highways."

After that case was decided section 4356t-8 was amended, and the state highway commission was empowered and directed to construct primary roads through cities of the fifth and sixth class where the roads had been completed to or within one-half mile of the corporate limits of such cities. Chapter 178, Acts of 1928.

No contract with the city is now necessary, if the road through the city is the same type as the road outside the city. The state takes the place of the city in the construction of the road, and the rights of the city relative to the establishment of grades pass to the state. While the county through which a state highway passes

must acquire the necessary rights of way, no action on the part of the county is required in a case like the one under consideration, unless it becomes necessary to acquire additional land for the purpose of widening or straightening the existing street. The only change made in the streets in front of appellees' property was to raise the grades. If these streets had not been part of a state highway, and the municipality had constructed them on the same grade established by the state, it would not be liable to the abutting property owners for the consequential damages growing out of the original construction of the streets. City of Somerset v. Carver, supra; Philpot v. Town of Tompkinsville, 148 Ky. 511, 146 S. W. 1093; Gernert v. City of Louisville, 155 Ky. 589, 159 S. W. 1163, 51 L. R. A. (N. S.) 363.

Since the city would not be liable to appellees for consequential damages to the lot in question because of the establishment of the original grade of the streets on which it abuts, it follows that the county is not liable for such damages on the theory that the act of the state in raising the grade of the streets amounted to the taking of appellees' property, since the state succeeded to all the rights of the city relative to the establishment of the grade of the road.

If the evidence is substantially the same on another trial of the case, the court will sustain defendant's motion for a peremptory instruction in its favor. All other questions are reserved. Wherefore the judgment is reversed for proceedings consistent herewith.