## Stewart et al. v. Town of South Ft. Mitchell.

(Decided Dec. 9, 1932.)

ROGERS & ROGERS for appellants.
CHARLTON B. THOMPSON for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

The city of South Ft. Mitchell sued M. E. Stewart and Dorcas Stewart, and sought to enforce a lien upon their property for $121.76, with interest from May 22, 1928, until paid, and they have appealed.

On September 6, 1927, the board of trustees of the city of South Ft. Mitchell passed an ordinance for the construction of a four-foot concrete sidewalk from St. Mary's Cemetery to Horse Branch road, on the south side of the Dixie Highway and at the exclusive cost of the property abutting thereon. At the same meeting, the city records show, the plans and specifications for the construction of this sidewalk were adopted.

The right of way of the Dixie Highway at this point is 50 feet, and the city had entered into a contract with the highway commission by which it was granted the right to build and maintain this sidewalk upon a strip four feet wide along the extreme southeast side of the highway. The contract was let, the sidewalk was built, the work was accepted on May 22, 1928, and an ordinance was then adopted assessing the cost of this construction against the abutting property and imposing upon the Stewart property $121.76. The Stewarts

resisted the assessment against their property because, as they alleged, the grade of the proposed improvement was not fixed by the city. The facts are these: The State Highway Commission had improved the Dixie Highway at this point by constructing along the center thereof a concrete roadway 20 feet in width. The highway commission suggested that the city construct the sidewalk so as to conform to the grade of the highway, but to make the sidewalk uniformly 6 inches higher than the concrete slab of the highway throughout its length, and the city agreed to that, ordered this sidewalk so built, and it was so built.

The Stewarts contend that the city has never fixed the grade for this sidewalk, that the fixing of a grade for a sidewalk is a legislative action which the municipality cannot delegate to another. They cite the case of the Town of Hardinsburg v. Mercer, 172 Ky. 661, 189 S. W. 1117, and they are contending here that the grade of this sidewalk has not been fixed by the city, and that, for that reason, the property of the Stewarts cannot be subjected to the payment of any part of the cost of making this sidewalk.

The governing authorities of a municipality do not themselves usually make actual surveys and prepare the plans, grades, and specifications for street improvements; that is usually done by some one else, usually by an engineer whose report, when considered and adopted by the governing authorities of the city, becomes the act of the city. In this case the plans and grade of the highway as fixed by the highway engineers were adopted by the city, with the single exception that the grade of this sidewalk is 6 inches higher than the grade of the highway. It makes but little difference who prepares the plans and suggests the grades, because, until the city adopts them, they are nothing more than suggestions, and, after the city adopts such suggestions, the suggested plans and grades then become the acts of the city, and it makes no difference who made the suggestions. In the case of Town of Hardinsburg v. Mercer, 172 Ky. 661, 189 S. W. 1117, there was nothing to show that the city had ever fixed any grade, whereas this record shows the city did fix the grade as suggested by the highway commission. The conformity of the grade of this sidewalk to the grade of the highway was a sensible thing, and we find no merit in

the contention of the Stewarts upon the question of the grade.

The next contention of the Stewarts is that this sidewalk was improperly constructed, and that the acceptance of it as constructed was such a fraud on the property owners as to make illegal the assessment upon the abutting property of the cost of this construction.

The property of the Stewarts slopes toward the highway, and formerly the water gathering on their property drained into a ditch along this highway, which ditch is now between this sidewalk and the paved portion of the highway, and hence the Stewarts can no longer drain their property into this ditch.

"One who buys property in the vicinity of a city adjacent to a highway must know that if the land is taken in the city the highway will become ipso facto a city street; and he must know that when it becomes a part of the street system of the city it must be given a grade to conform with the other streets and the necessities of city travel. He buys his property with notice that these things may be done. When the land covered by the highway was dedicated as a county highway, it was so dedicated with the knowledge that, if the highway was taken into the city, it would become a city street and be subject to all the incidents of any other street. No new servitude has therefore been imposed. All that has happened was within the reasonable contemplation of the parties when their rights were acquired. The city is therefore not liable to appellee for establishing the grade of the street. * * * The fixing of the grade is a necessary incident to the proper construction of the street, and they can no more complain of the grade being fixed than of the street being constructed. Both are necessarily incidental to the conversion of the property from country property into city property. As all property is held subject to the police powers of the state to include it in a city when the public good so requires, no owner has ground of complaint that his property is properly taken into the city, and he must take the benefits with the burdens." Gernert v. City of Louisville, 155 Ky. 589, 159 S. W. 1163, 1164, 51 L. R. A. (N. S.) 363.

This sidewalk was made 4 feet wide and 4 inches

thick, the first 2½ inches being made of one character of concrete, and the inch and a half on top of that being of another kind.

The Stewarts had coal and other merchandise hauled across this sidewalk in trucks, and it cracked and broke under the strain; therefore, say the Stewarts, this sidewalk was not properly constructed, but the evidence is that elsewhere such had not happened. A greater strength and thickness was not needed, according to the evidence, to make this sidewalk strong enough to sustain the ordinary uses to which it was supposed to be subjected, and, since the Stewarts have imposed upon it an extraordinary servitude under which it has broken, the fault is theirs and is not in the construction.

We have said that two different layers of material were used in the construction of this sidewalk, and it seems that in front of the Stewart property a piece of the upper layer, some 8 or 10 inches in width and extending across the sidewalk, has spalled off, thus making a depression in the sidewalk perhaps 1½ inches deep and 8 or 10 inches wide. There was almost a mile of this sidewalk built under this ordinance, and the evidence indicates this is the only place that has occurred. The cost of repairing that is trivial, and civic pride would suggest that the city make that repair, but anyway this is too trivial a matter to be of much importance.

The judgment is affirmed.

We have often called attention to the proper indexing of records. The clerk in making up this record contented himself by noting that depositions for the defendant began on page 20, and a similar notation is made for the depositions of the plaintiff. That is not enough. The clerk should note in his index the name of each witness, should then give the page where the evidence of that witness begins, the page where the cross-examination of this witness begins, the redirect examination, and recross-examination, if any, etc. In like manner the clerk should note where each exhibit may be found, and the clerk that made this record did not do so. He charged $41.20 for the record, and, because of his failure to make a proper index, $5 is now deducted from that bill, and, if he has been paid for

his so-called record, he will refund that sum. See notes under section 9 of rule 3 of this court as published on page 448 of 1932 Edition of Ky. Codes.