# Peters v. City of Morehead.

(Decided Oct. 6, 1936.)

S. S. WILLIS for appellant.

LESTER HOGGE and JOHN W. HEUVER for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The city of Morehead instituted this suit to enforce a street and sewer construction lien on a lot owned by Mrs. Maude E. Peters. She appeals from the judgment in its favor. The several defenses presented to the chancellor and pressed before this court are disclosed in their disposition.

The initial ordinance of July 19, 1927, ordering the construction of certain drainage sewers and streets, on one of which appellant's property fronts, provided it should be done "in accordance with the plans and specifications * * * now on file in the office of the City Clerk in the City of Morehead, Rowan County, Kentucky. Said paving shall be done upon such grades as may be established by ordinance." After designating the streets, it was further ordained that they "shall be such width as shown on plans upon the grades that may hereafter be established." On August 9, 1927, the council passed a motion that those plans and specifications "be and the same are hereby adopted."

The statutes governing cities of the fifth class, to which Morehead belongs, in general terms empower the council by ordinance to order done work it deems necessary in constructing streets, which may be at the cost of the owners of the property fronting and abutting thereon. Sections 3643-1, 3643-2, 3643-3, Kentucky Statutes.

There is no more important feature connected with the work of street construction than that of fixing the original grades, for not only must the matter of present economic propriety of a particular grade be determined, but as respects the future, it may enter into the ques-

tion of the liability of the city for damages to property resulting from work upon or change in the grade of the street. Hence the establishment of the grade involving, as it does, the exercise of the municipal discretion or judgment, is regarded as a legislative function and a power limited to the council. It is a responsibility that cannot be abdicated and a power that cannot be delegated. So, notwithstanding the absence of specific statutory modal directions, it has long been settled that the council or similar municipal body must itself establish the grade in a manner recognized as a legal legislative action. Zable v. Louisville Baptist Orphans' Home, 92 Ky. 89, 17 S. W. 212, 13 Ky. Law Rep. 385, 13 L. R. A. 668; Richardson v. Mehler, 111 Ky. 408, 63 S. W. 957, 23 Ky. Law Rep. 917; Town of Hardinsburg v. Mercer, 172 Ky. 661, 189 S. W. 1117; City of Somerset v. Carver, 221 Ky. 552, 299 S. W. 191; Floyd County v. Malone, 243 Ky. 683, 49 S. W. (2d) 553.

Although, as we have shown, it was declared by the city council that the work should be done on a grade to be established by ordinance, there was never passed any ordinance doing so in specific terms. But the plans and specifications filed with the city and formally adopted were in detail and included plane and profile views of the streets. The profile plan of Third street shows it in sections and a datum point at an assumed elevation. Existing intersecting streets shown on the plan formed visible monuments by which the proposed grade could be ascertained.

Was the adoption of the plans sufficient compliance with the requirements of the law? If not, then the omission is fatal to the suit to enforce the lien upon the abutting property proposed to be charged with the cost of construction. Town of Hardinsburg v. Mercer, supra. In determining the sufficiency of compliance, the trend of the decisions in recent years has been to depart from the strictness to which such municipal action was once confined. It may be said, however, that the mere fact of construction cannot be regarded as a legislative establishment of the grade upon which the work is done. Floyd County v. Malone, supra. But the adoption in a formal manner of plans and specifications actually filed with the city which show the grade must be regarded as the acceptance of the grade therein shown, and the designation and establishment of that grade by an act

of the council. Such has been the ruling of the court in our later opinions. Noland v. Mildenberger, 123 Ky. 660, 97 S. W. 24, 29 Ky. Law Rep. 1179; Elder v. City of Richmond, 186 Ky. 706, 218 S. W. 239; City of Hazard v. Adams, 229 Ky. 598, 17 S. W. (2d) 703; Peters v. Kash, 233 Ky. 362, 25 S. W. (2d) 1025; Stewart v. Town of South Ft. Mitchell, 246 Ky. 406, 55 S. W. (2d) 37.

The ordinance ordered the construction of the streets "by paving with vitrified brick, rock asphalt, macadam, or concrete paving, as given hereafter to be determined in accordance with the plans and specifications prepared by John B. Connelly, civil engineer, now on file in the office of the City Clerk in the City of Morehead." The specifications covered those several classes of paving. The council never chose any particular kind of paving except by the execution of the contract, which was for concrete. It is submitted that these plans and specifications were not identified by the action of the council, and that the failure to adopt of record any particular material or specification defeats the city's right to a lien on the appellant's property.

In the case of Town of Hardinsburg v. Mercer, supra, there was no competent proof of the filing or acceptance of certain plans. In Richardson v. Mehler, supra, the matter of ordering street improvements upon plans and specifications to be prepared in the future was considered. The discussion and decision rested upon a section of the Statutes governing the requirements of completed drawings and specifications as to the kind of work and material before the advertising for bids by a board or director of public works of a city of the first class. It was held that subsequently prepared and accepted plans could not be used in aid of an ordinance providing for certain improvements. It seems to us that is without controlling application here, for existing plans and specifications were duly adopted. We think they are sufficiently identified to be regarded as a part of the ordinance. Hearne v. City of Catlettsburg, 239 Ky. 592, 40 S. W. (2d) 293. In the Richardson Case, the ordinance ordering the construction described the general nature of the proposed work, and prescribed paving with either vitrified brick or block pavement. The opinion that the fact that alternative kinds of material were prescribed by the ordinance did not affect the right to a lien upon the citizen's property liable for the cost of con-

struction supports our conclusion that the procedure in the instant case was valid and sufficient.

The point is made that no apportionment or assessment ordinance was ever legally adopted. The initiatory ordinance of July 19, 1927, provided that the cost of the work should be borne exclusively by the abutting property in proportion to the front footage, 10-year bonds being issued for such part as should not be paid by the owners at the time. On July 17, 1928, the council accepted reports of the engineer and of its street committee that certain streets, including that upon which appellant's property fronted, had been "paved in accordance with the ordinance, specifications and contract heretofore made," with the contractor. At the same time the city clerk was "directed to prepare an apportionment ordinance showing the cost of said street to each of the property holders whose property abuts on said street so constructed," record that ordinance on the minute book of the council, and have it published. The clerk proceeded to do so and undertook therein to declare the respective allocations to be liens as provided by the statute. But that document was never submitted to or voted upon by the council. It is, obviously, a nullity. Section 3636, Kentucky Statutes. However, the accepted report, or "Final Estimate," of the engineer was spread on the minute book. It shows in detail the character and quantity of work and material, the cost thereof, and the frontage of each lot with its proportionate part of the entire cost and the amount assessed against it. The appellant's lot was charged with $198.56 for the paving, and $72.95 for sewers, a total of $271.51. The legal proceeding or action, therefore, consisted only of the acceptance of the work as complete and the adoption of the engineer's report with his apportionment of the cost. The question is whether that is sufficient without an ordinance specifically making the assessments and publishing the same as such municipal legislative acts are required generally to be.

The lien upon appellant's property was created when the ordinance ordering the construction was passed and it continues until the charge is satisfied. Section 3643-9, Kentucky Statutes. Had an apportionment ordinance been subsequently passed, it would have been merely to carry out the plan and fix the amount of the payment. City of Princeton v. Baker, 225 Ky. 219, 7

S. W. (2d) 1042; Thompson v. City of Williamsburg, 229 Ky. 81, 16 S. W. (2d) 772. When the city chose to have the streets and sewers built at the expense of the adjoining property, it was exercising a power given it by the state as an agency of the state. Thompson v. City of Williamsburg, supra. Thereupon the statute itself made the apportionment and assessment, and, when the work was completed and the cost ascertained, the specific allocation and making out of the apportionment warrants was but ministerial and clerical. Barfield v. Gleason, 111 Ky. 491, 63 S. W. 964, 23 Ky. Law Rep. 128.

The Statutes do not expressly or impliedly require the passing of an ordinance of this character. Section 3643-7 merely declares the assessment shall be equal and made by the front foot as soon as the improvement is completed and accepted, and the respective assessments shall be placed on the tax list. The action of the council in passing the resolution or motion accepting and adopting the reports of the engineer and its committee was a confirmation thereof, and the allocation of the cost became effectually the act of the council itself. Nevin v. Roach, 86 Ky. 492, 5 S. W. 546, 9 Ky. Law Rep. 819; Auditor General v. Hoffman, 132 Mich. 198, 93 N. W. 259. The presumption is that the engineer's calculations were correct. Moss v. Andrews Asphalt Paving Co., 229 Ky. 419, 17 S. W. (2d) 255. If they were incorrect in any particular, the appellant could have had them corrected by proper procedure. But no question was ever raised as to the amount of the lien.

Indeed, the right of enforcement of a lien under this very ordinance and procedure has been sustained. In City of Morehead v. Blair, 243 Ky. 84, 47 S. W. (2d) 741, we held that there was no necessity for an ordinance such as we have under consideration now. However, in view of the representations made in the case at bar that the facts and condition of the record are different, we have reconsidered the question. The court is not convinced that the decision when applied to this record is erroneous or inapplicable. See, also, City of Morehead v. Kennard, 249 Ky. 476, 61 S. W. (2d) 14.

The appellant's property is described in her deed as one lot ''50 feet on the front and 50 feet on the back,'' and extending 125 feet from what is now Third street to Fourth street. The only evidence that this is not in fact one lot, and as such clearly chargeable in its entirety

with the cost of the paving of Third street and its drainage, is Mrs. Peters' statement that she was once told that "there was supposed to be" an alley through it between the two streets; but there is none. Fourth street at this point has never been improved and it is not proposed to be. It carries but little traffic. There is a dwelling on the Third street end and the lot is in fact used as one unit, without any sort of division. Witnesses for the city in estimating the value regarded it as one lot, but upon cross-examination were asked to and did fix the valuation of one-half of it, regarding the lot fronting on Third street as extending back 62½ feet. The examination of witnesses for the appellant was the reverse. Among the stipulations in the case is one that the lot could not be divided without impairing its value.

As is usually the case when valuations are made purely by estimate, the sums fixed were wide apart. The chancellor viewed the property and regarded it as a unit. He adjudged that the lien for $271.51 did not exceed 50 per cent. of its value after the improvements were made. If this parcel is to be regarded as two separate lots, one abutting on Third street and the other on Fourth street, then the assessment does exceed 50 per cent. of the value of the former; hence, not only is the excess assessment void, but the matter of interest and costs becomes of importance for the want of a correct assessment. Section 3643-7, Kentucky Statutes; Thompson v. City of Williamsburg, supra.

It seems to us clear that this must be regarded as one lot abutting on the improved street. In the case of Pursiful v. City of Harlan, 222 Ky. 658, 1 S. W. (2d) 1043, we held that, where adjoining lots had been consolidated into a single ownership and treated as a unit, it was liable as an entirety for the street assessment, even though only one of the combined lots fronted on that street. So also in Vaughn v. City of Williamsburg, 245 Ky. 339, 53 S. W. (2d) 690. Of like effect is City of Henderson v. Andrews Asphalt Paving Co., 227 Ky. 289, 12 S. W. (2d) 863. We think the case of Davis & Co. v. McDonald, 200 Ky. 828, 255 S. W. 833, is different. It appeared that five lots which had been platted separately were being used as one parcel, but, due to the diagonal intersection of one street by another (the tract being in the corner), two of those lots abutted on one street without touching the other, and three of the

lots abutted on the latter avenue without touching the former. Since only abutting property is liable for improvement liens, the parcel was regarded for the purpose of the assessment as two units. So also is the case of Washer v. Henry Bickel Company, 246 Ky. 499, 55 S. W. (2d) 372, distinguishable. Although the tract involved abutted upon three streets, it was divided into three parts for the purpose of valuation to be assessed for street improvements. But that was for the application of the statute controlling the improvement assessments in cities of the first class, which is made by area and not abutting footage.

The possibility that the appellant's lot might some day be called upon to bear the burden of improving Fourth street cannot, under present conditions, relieve it from bearing the expense of improving Third street. It is not unlike a corner lot, which is chargeable with the cost of each street independent of the other. City of Williamsburg v. Perkins, 240 Ky. 160, 41 S. W. (2d) 915; City of Ashland v. Serey, 241 Ky. 65, 43 S. W. (2d) 342.

It seems to us the judgment is proper.

Wherefore it is affirmed.